**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 3 0 2024    Page 2

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

4:24-cv-00174-BRW-JJV

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: *For The Eight Circuit* |
|---|---|

**Name** (under which you were convicted): *Willie Munn Case: 23: 3168*    Docket or Case No.: *CR-2020 243*

**Place of Confinement :** *Varner unit Arkansas Department of correction*    Prisoner No.: *08042*

**Petitioner** (include the name under which you were convicted)    **Respondent** (authorized person having custody of petitioner)

*Willie Munn*    v.    *State of Arkansas*

The Attorney General of the State of *Tim Griffin*

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    *Hempstead County Circuit Court, P.O. Box 420 1420 Hope Ark, 71801*
    (b) Criminal docket or case number (if you know): *CR-29-2020-243-2020 52*

2.  (a) Date of the judgment of conviction (if you    *Nov, 9, 2020*
    (b) Date of sentencing: *Nov, 9, 2020*

3.  Length of sentence: *10 Years Suspended*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: *Residential Burglary, Chriminal Mischief 1 degree* ~~This case assigned to District Judge~~ Wilson *Assult 3rd Degree* ~~and to Magistrate Judge~~ Volpe

6.  (a) What was your plea? (Check one)
    ☐ (1)  Not guilty       ☒ (3)  Nolo contendere (no contest)
    ☐ (2)  Guilty           ☐ (4)  Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *Nolo Contendeyed To All Charge's Belause There No Evidence To defind The Charge of Residential Burglary*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? *At Revocating Hearing*
☐ Yes     ☑ No     *on 10-27-2022*
*I Testifyied*

8. Did you appeal from the judgment of conviction?
☑ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *Hempstead County Circuit Court*

(b) Docket or case number (if you know): *CR-29-2020-243-2020-52*

(c) Result: *Denied would not Address Any Motions*

(d) Date of result (if you know): *11-18-2022*

(e) Citation to the case (if you know): *5-39-201, 5-38-203 5-13-207*

(f) Grounds raised: *Actual Innenle,*
*Ineffected Counsel*
*Insuffenient of The Evidence*
*Violated Fist And speed Trial*
*Excluded To call The Victim or Any witness*
*Never Prove Beyound Reasonable Douith, Theft*

(g) Did you seek further review by a higher state court? ☑ Yes     ☐ No

If yes, answer the following:

(1) Name of court: *Arkansas Court Of Appeals*

(2) Docket or case number (if you know): *CR-23-563*

(3) Result: *Denied September 6. 2023*

(4) Date of result (if you know): *9-6-23*

(5) Citation to the case (if you know): _____

(6) Grounds raised: *Same As Above*
*Insifficence Evidence*
*Ineffective Counsel*
*There Never was Any Burglary*

(h) Did you file a petition for certiorari in the United States Supreme Court? ☑ Yes     ☐ No

If yes, answer the following:

Page 4

(1) Docket or case number (if you know): *Willie Munn V, State CR-23-563*

(2) Result: *It Still pending As Of 10-11-2023*

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: *Hempstead County Munn V, State CR-29-2020 No hearing on Appeal, case Munn vs state Court Of Appeal No hearing Just Denied, Arkansas supreme court pending*

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: *All Evidence I, Submitted was Not Adress*

(8) Date of result (if you know): *Court of Appeal 11-6-23*

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** _Insuffence of The Evidence, No Element of The Crime Of Burglary_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

To Burglary A person Home There must Be some Type of force Enterence, And The Theft Of property The mere Entrentence Of A person Home IN ITS Self Is Not Enought Alone To prove BeYound A Reasonable Doubt, The offense of Burglary, Even IN The Affidavit of Probable or Reasonable Cause The dispacther or The Police Men ten ANY Burglary IN

(b) If you did not exhaust your state remedies on Ground One, explain why: Process, I file seyer Pretrial motion, pro-se The LawYer Did not file AnY pre Trial Motion, He Threaten me with 46 Years If I Got To Trial Call me The "N" word said I wont listen

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: I File Several Pre Trial Pro-se To Suppress The Evidence When It was Nothing But Arbaxtraxy And Conjuture Statements

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 16-93-111 Correct Illegal sentence statc Habeas Corpus,

Name and location of the court where the motion or petition was filed: Hempstead County Cirluit Court, CR-2020-243, CR-2020-52

Docket or case number (if you know): CR-29-2020,843, CR-2020-52

Date of the court's decision: The File Mark Oct 16, To Oct 27

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was  Ark Court of Appeals Hempstead County Circuit Court Arkansas Supreme Court

Docket or case number (if you know):  Arkansas Court of Appeal's Sep 6,

Date of the court's decision:  Sep-6-2023 Nov 6-2023

Result (attach a copy of the court's opinion or order, if available):  Inclose Are orders from The Arkansas Supreme Court, And where I Ask Them Why The Denied My Petitions without

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Addressing The Sifficient of The Evidence + Are wait until You call up The Record, They Sent Me To Prison Three times on A Faluse Burglary, This The Third time,

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:  I file 16-90-111 state habeas The Circuit Court of Hempstead would Not Rule on Them Then I file A Belated Appeal To Get The Court To Rule

**GROUND TWO:**  I File A Petition To Review The Y Denic Each, But Did Not Give An openion or Rule As To Wh/

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The fact was I Exspeavence A over Dose, And Ran To my Neighbor House for Help me And my Girl Friend The onwer Ot The House plea with The police And Testify at my Hearing To Revoke The 10 Years Suspended Sentence, There No plea As To The Revocation Hearing But I am In Prison Serving A 10 Year Sentence Day for Day, The State fail at It Hight Levevel To prove Theft

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❒  Yes     ❒  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ❒  Yes     ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ❒  Yes     ❒  No

(4) Did you appeal from the denial of your motion or petition?     ❒  Yes     ❒  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❒  Yes     ❒  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two _____

_____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐   Yes   ☐   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes   ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was

Docket or case number (if you know): 

Date of the court's decision: 

Result (attach a copy of the court's opinion or order, if available): 

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground

Three:

**GROUND FOUR:** 

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

**(c)**  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

**(d)**  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

*This Sentence Was Impose on 11-9-2020*

Over Three Years Ago It Was Suspended, on 10-27-22
The Probation Service Ann Johnson File A Petition
With The State To Revoke my Suspend Sentence, Base
on A Possession of Colaine Charge on 5-15-2022 Tha
Was Dismiss on Jan, 9.-2023, And my Liberty
Has Been Restrain From 5-15-2022 5-15-2023
Then The Case Was Nolled Proless on motion
of The State, The Judge A Proseculer Sign
off on The Nolled Proless. There no Proof of
Buxglary beyound Doubt or Possession But I am Bening hold IN Prison

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

       (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

       (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Declare The Invalid
on His Face, And The Revocating Hearing Is Not
Base on Verify Back, The Possession Charge was Dismiss

or any other relief to which petitioner may be entitled.

_Willie mush_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

5858504

**FILED**

JAN 30 2024

MICHAEL GANS
CLERK OF COURT

23-3168

### HOW CAN A CITIZEN BE ADJUDICATED GUILTY WITHOUT BEING FOUND GUILTY?

#### It seems in the case of Willie Munn, ADC #80042, it can.

Within this Defendant's case, there are issues that persist, creating a lack of clarity around what has happened and what is supposed to happen. The Defendant lacks expensive legal representation yet has a right to know his status as a citizen.

(1) Defendant currently resides within the Arkansas Department of Corrections, Varner Unit. He was never found guilty of a crime in order to have his Parole Violation revoked, nor does he have any sentencing order reflecting such.

(2) The charge of burglary, of which he originally pled No Contest, granted him a ten (10) year suspended sentence. Subsequent charges filed in 2022 were never fully prosecuted to the point of sentencing, yet Defendant was moved to the Department of Corrections and is serving at 100% of his original ten (10) year sentence.

(3) Defendant has filed paperwork with records and with Circuit Courts to receive answers to his dilemma, yet continues to find no help nor answers.

(4) Defendant has a dependent family struggling without his aid while he is incarcerated.

!

Attached behind this cover letter are documents and explanations of

Defendant's situation, in an appeal for some clarification or closure on his

current predicament. Defendant prays that this Court will take the time to

review his situation and shed light on his options and remedies at this time.


Respectfully,


Willie Munn, #80042

Varner Unit

PO Box 600

Grady, AR 71644

ELECTRONICALLY FILED
Lincoln County Circuit Court
Cindy Glover, Circuit Clerk
2024-Jan-08  12:22:05
40CV-23-168
C11WD05 : 1 Page

IN THE CIRCUIT COURT OF LINCOLN COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST - FIFTH DIVISION

WILLIE MUNN
INMATE # 080042                                                    PETITIONER

No. 40CV-23-168-5

DEXTER PAYNE, DIRECTOR
ARKANSAS DIVISION OF CORRECTION                                   RESPONDENT

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

On this day comes to be heard the petitioner's motion that he be permitted to pursue his case *in forma pauperis*. From the examination of the pleadings and review of applicable law, the Court finds as follows:

To grant a motion to proceed *in forma pauperis*, the Court must be satisfied that the petitioner is indigent and that the alleged facts indicate a colorable cause of action.   ARCP Rule 72.

The petition and affidavit to proceed *in forma pauperis* establish petitioner is indigent.

Given petitioner's allegation and the current law or a reasonable and logical extension or modification of it, a colorable cause of action is stated.

The Clerk of the Circuit Court of Lincoln County, Arkansas, shall receive and file any necessary forms or pleadings incident to this action without the payment of fees or costs.

The sheriffs of the several counties of the State of Arkansas shall serve writs or processes incident to plaintiff's action without requiring the payment of fees or costs.

IT IS SO ORDERED this 8th day of January 2024

_____
JODI RAINES DENNIS
CIRCUIT JUDGE

**RECEIVED**

JAN 3 0 2024

**U.S. COURT OF APPEALS
EIGHTH CIRCUIT**

## IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS
## EIGHTH NORTH JUDICIAL DISTRICT

**WILLIE MUNN**                                                              **DEFENDANT**

                                    CR29-2020-243
**VS.**                             CR29-2020-52
                                    CR29-2022-144

**STATE OF ARKANSAS**                                                        **PLAINTIFF**

## §110.7 PETITION TO APPLY TO TRIAL COURT FOR WRITE OF ERROR CORAM NOBIS: NEWLY DISCOVERED EVIDENCE

COMES NOW, Petitioner Willie Munn, with and before this Honorable Court, to grant him a Writ of Error Coram Nobis to re-appear back in this Court.

## BACKGROUND

On or about September 28, 2020, in Hope, Arkansas, in the county of Hempstead, an Affidavit for Warrant of Arrest was filed with facts constituting Reasonable Cause, stating that an altercation between Defendant and Latosha Featherston had occurred in Featherston's home and that the Defendant had left, possible headed next door to the home of Lisa Hawkins, Defendant's girlfriend at the time. There was nothing stated at the time, nor included in the Affidavit regarding the elements of burglary: breaking or entering, forced entry, nor removal of property.

1

On November 9, 2020, prior to the scheduled hearing, Defendant was threatened by his own attorney, Charles Friday, and forced to accept a ten (10) year suspended sentence. The Defendant's attorney threatened to pick a jury that would give the Defendant forty (40) years on his past criminal history alone, due to hate, malice, and prejudice, not the burglary charge for which he would stand trial. At one point, Defendant's attorney labeled him with the "n" word and explained how he "don't like fooling with [his] kind, you all won't listen." At this time, the Court sent the Bailiff to check on us and pull us in to the courtroom. Defendant was so distraught that he pled "no contest."

The law clearly states that entering another's home is not enough evidence to prove a charge of burglary beyond reasonable doubt. See *Williams v. State*, 553 SW.3d 753 Ark 2018; *Oliver v. State*, 286 Ark 451-53-54, 609 SW.2d 1,3,1980; *Norton v. State*, 271 Ark 451-53-54; *Oliver v. State*, 286 Ark 198 2000, 691 SW.2d 842-43.

Defendant received the suspended sentence stipulating the conditions, of which Condition #19 states "… the Court may impose a period of confinement… not to exceed 365 days." As of this time, Defendant has served more than 365 days in confinement for this charge.

5-4-306(b): I never had any of the three sanctions for a violation of a condition of pretrial release. §20-13-1704: I explained to the Court that I was on some drugs for the purpose of enhancement and I committed myself to a chemical dependency unit for help. I was discharged from Ouachita County Medical Center on August 31, 2022. I was then locked up after getting this help. Mrs. Tereasa Roark asked me if I knew Judge Culpepper, was I in his Court, to which I told her I did not know and requested she notify them as to my current whereabouts. She did so and no warrant was issued. I successfully completed the program.

The law states that "a person shall not be subject to penalties for a violation of a permanent or temporary protective order or restraining order, or sanctions for a violation of a condition of pretrial release, condition of probation, or condition of parole, based on the possession of a controlled substance. … violation of §5-64-

2

419. If the penalties or sanctions are related to the seeking of medical assistance, I was charged with violation §5-64-419, possession of a controlled substance, on May 15, 2022 (29-CR22-144-2). I bonded out of jail on June 28, 2022, and on October 27, 2022 a hearing was held to revoke my suspended sentence. Had the judge known the full detail of the situation, specifically that the Defendant and Miss Hawkins were in Miss Hawkins' bedroom when beginning to feel the effects of an overdose, running next door in order to seek some type of assistance, "completely nude and… hitting himself in the head," the Court would have clearly seen this was not a burglary.

Three years from the original charges of 2020 and Defendant experiences his first alleged violation, is sent to prison without first being given Due Process of law under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment Rights of the Arkansas and United States Constitution. At no time was it ever pronounced in open court that Defendant's suspended sentence had been revoked and that he would be sentenced to the Arkansas Department of Corrections. Defendant was remanded to Hempstead County on January 9, 2023 pre-trial and then 19. Trial if you remember you stated that but when I asked about the evidence the Stat said that it had been submitted but 10 months went by and it had not come back (perjury?).

If the State did not have any evidence on December 5, 2022 when you order me to come back to Court on January 9, 2023, what evidence did the State use in order to revoke my sentence and send me to the Department of Corrections?

According to *Morrissery v. Brewer*, 408 U.S. 471, some Circuit Courts prohibit a revocation hearing unless a person has been found guilty of a new crime based on verified facts, and that exercise of discretion will be informed by accurate knowledge of parolee's behavior. The United States Constitution Fourteenth Amendment states in part that "…[N]o state shall deprive any person of life, liberty, or property without Due Process of Law." It is not a crime to be charged; it is only a crime if convicted of the charge.

Defendant has now been incarcerated for over 365 days due to an unproven violation. On October 27, 2022, Defendant was taken to a revocation hearing

without being given notice or disclosure of any evidence. On November 18, 2022, Defendant's ten (10) year sentence from November 21, 2020 was revoked. The judgment and/or commitment orders do not designate how the sentence is to run. 5-4-501(d)(2) for habitual offender status is not checked on my sentencing order. The general assembly finds §16-93-609 is a parole eligibility statute and not a sentencing statue. Defendant's first crime was January 1, 1983, to which this statute would not apply. The alleged burglary of which Defendant is contesting occurred after April 1, 2015, the date at which the statute can be applied to a crime. Defendant's sentence was also prior to May 24, 2020, therefore Act 1805 cannot apply to the sentence.

The Arkansas Department of Corrections, however, has violated Defendant's 4th, 5th, 8th, and 14th Amendment Rights to Due Process, as it was adjusted under Act 1805 while not having been sentenced under Act 1805.

The Fifth Amendment states no person shall deprive any person of Life Liberty, or Property without Due Process of Law. Now I was charged with possession, the Judge and Prosecutors have signed off dismissing those alleged violations. That removes the alleged violation as if it never happen.

I pray for a Court Order releasing me immediately so I can go take care of my mother and my father who depend on me full-time. I am all they have.

When I went to prison, they executed my sentence under 16-93-609 1805, a Parole statute, meaning they want me to spend ten years day for day. But the Sentencing Order the Judge and/or the State did not clearly define which was my sentence should run, 5-4-501, 16-93-609, and a burglary committed on or before May 24, 2022 is not included in Act 683, S.B. 366.

Defendant prays that this Honorable Judge will consider and bring me back to Court, to modify my sentence. Defendant has not had a (B) Felony in ten years, nor had the Defendant had any violations in three.

The Federal Rule of Evidence 802 states that hearsay is inadmissible, that no state of federal official can testify to any event unless there is evidence to corroborate their statement. The state did not produce any evidence for the

revocation nor during the revocation hearing, confounding the situation with an Order that does not clearly designate that Defendant was sentenced under sections 5-39-201 or 5-4-501(d).

Defendant was convicted on November 9, 2020 for a crime committed prior to May 24, 2020, violation ex post facto laws. See *Senator J. Bryant Bill 366*. The Judge never sentenced the Defendant back to prison because there was never a determination hearing with evidence, arbitrary and conjecture statements. Defendant is asking for empathy, sympathy, mercy.

Defendant's mother is helpless, all alone. Her light and gas have been off since Defendant has been locked up and taken from her. The victim testified that Defendant did not break into her house, that I did not burglarize her home. The victim will swear to this yet again if asked.

## CONCLUSION

Defendant was charged with a burglary three years ago, forced to plea No Contest in Court, and sentenced to a ten (10) year suspended sentence. See 2018 Ark. App. 349, 553 SW.3d 753; *Williams v. State*. The State said that Munn entered the home of Latosha Featherston completely nude and was hitting himself in the head; from a drug overdose. Id. [T]he state has alleged in the Felony, in Munn's case it was only an Affidavit, constituting Reasonable Cause, with no information that Munn did enter or remain in the residential occupiable structure of Latosha Featherston with the purpose of committing therein a theft. [I]t is not allowable under the Rule of Evidence to draw one inference from another or to indulge presumption upon presumption to establish a fact. No one saw or accused Willie Munn of taking any money; no one saw Willie Munn committing a theft that must be the underlying charge with the agreement they cannot further amend to conform proof. They failed even at the State's best light to prove that there's a theft. Id Court of Appeals of Arkansas 2018 Ark App 349.

Due Process of Law requires the Trial Court to conduct an ability to pay hearing and ascertain a Defendant's present ability to pay before it imposes Court Facilities and Court Operations Assessments. U.S. Constitution Amendment 14; Cal. Government Code §70373; California Penal Code §1465.8, no such hearing was held. Defendant is entirely disabled. Constitutional Law guarantees Due Process and Equal Protection under the law. Both call for procedures in criminal trial which allow invidious discrimination between persons and different groups of persons, according to the U.S. Constitution's Fourteenth Amendment.

The Defendant paid for the damaged television, directly to the victim, who testified at a revocation hearing that Munn did not force his was in to her home. Lisa Hawkins entered the home first and was not charged with any crime. How can a victim testify and plead with the Court to not send the alleged perpetrator to prison so he could stay home and tend to his family, to take care of mother and father? Both Ann Johnson and a law enforcement officer testified on October 27, 2022, yes the court did not notify Latosha Featherston to be present so her pleas could be heard. This demonstrates a prejudice against the Defendant. Miss Featherston was also excluded from trial and revocation hearings. One September 28, 2020, she was not there, "heinous" on October 27, 2022 she was there. I called her and explained what the State was doing; they revoked my parole from three years ago and convicted me but suspended the ten. They sent me to prison, no revoked the 10, sent me to prison again for the same 10 years for being charged on May 15-2022 for possession.

Before I went to court, when the possession charge came to Court on January 9, 2023, it was nolle process, "on motion of the State," denied me my 4th, 5th, 6th, 8th, and 14th Amendment rights to Due Process. See *Morrissette v. Brewer*, 92 S.Ct. 2593, 408 US 471, 33 L.Ed. 484. A revocation hearing is supposed to be based on verified facts and not arbitrary conjecture.

A year after being violated, the State moves to dismiss the charges and there are no verified facts to support the violation, the Defendant should receive his full rights back as if the charge had never been brought against him. United

States Constitution 4th Amendment – no Probable Cause; 5th Amendment – Due Process; 6th Amendment -- Right to Counsel; 8th Amendment – Cruel and Unusual Punishment; and 14th Amendment – Due Process and Equal Protection Under the Law.

The Defendant's liberty should be reinstated. Id. *Morrissette v. Brewer*, 408 U.S. 471. Pg. 7-18. 92 S.Ct. 2593, also *William v. State*. Id. Pg. 3. It says the state fails at its test to prove that there's a theft, the underlying charge, [I]t is not allowable under the Rules of Evidence to draw one inference from another or to indulge presumption upon presumption to establish a fact. No one saw the Defendant take anything, Id. Bench Warrant, this charge and case should be modified, vacated, reduced, and dismissed in the interest of justice.

Willie Munn
ADC #
Varner Unit
P.O. Box 600
Grady, AR 71644

## **VERIFICATION**

The petitioner states under oath that he has read the foregoing petition for post-conviction relief and that the facts stated in the petition are true, correct, and complete to the best of his knowledge and belief.

_Willie Munn_
Willie Munn

STATE OF ARKANSAS
COUNTY OF Lincoln

Subscribed and sworn to before me the undersigned officer this 26 day of December , 2023.

SEAL

NOTARY PUBLIC

Expiration of Commission:

SHEMARIAH MCCLOUD
NOTARY PUBLIC - STATE OF ARKANSAS
LINCOLN COUNTY
COMM. #12719838 EXP. JUNE 13, 2032

**WILLIE MUNN, #080042**

**VS.**

**STATE OF ARKANSAS**


<u>**ACTUAL INNOCENCE**</u>

My name is Willie Munn, born July 8, 1956. With the utmost respect and value for this Court, I will share my situation with complete honesty. I am innocent of the charges held against me.

Three years ago, I was dating a woman name Lisa Hawkins, who resided in Hope, Arkansas. At the time of the arrest in question, I was at her home, located at 806 East Avenue, in Hope. I had taken a male enhancement medication in an attempt to assist us and the medication began to cause a reaction foreign to me. I feared I had overdosed. Miss Hawkins and I ran out of her bedroom, totally unclothed, while I physically assaulted myself. *See Affidavit of Facts Constituting Reasonable Cause.* From this charge, I pled No Contest and agreed to a ten (10) year suspended sentence with several conditions.

When this plea agreement was revoked – for no reason that I can see – there is no mention of, nor reference to, §16-93-609, regarding time served at 100%. I was sent to prison, where I now reside under the Arkansas Department of Corrections. This revocation was supposedly executed under §16-93-609. SB Bill 366, states the Sentencing Order had to reference S.B.366 (b) unless the sentencing

order expressly designates that the Defendant was sentenced under this section §5-4-501(d)(2) – "A violent felony offense or any felony sex offense," which would not include residential burglary (§5-39-201) committed before April 1, 2015, unless the Defendant was sentenced on or after May 24, 2022. I was sentenced for the alleged residential burglary on November 9, 2020. Up to that time I had no prior felony convictions for the prior ten (10) years.

I feel that this situation has been handled with extreme prejudice and that I am being mistreated in the process. After my original plea agreement I went voluntarily admitted myself to a drug rehabilitation program. I have been taking care of my 89-year old mother, who is blind and incapable of caring for matters on her own. Even she could understand that my Bench Trial was injustice.

The Fourth Amendment of the United States Constitution states, in part, "…no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The affidavit in relation to the original residential burglary charge was written after the fact of my arrest.

The Fifth Amendment states, in part, "…nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." I believe that I have been convicted yet again for an original charge that was never proven nor adjudicated properly.

The Eighth Amendment states, in part, "…nor cruel and unusual punishments inflicted." The Arkansas Department of Corrections has miscalculated my sentence under the §16-93-609 statute, which is a violation of *ex post facto*. See

*Woods v. Lockhart*, 292 Ark. 37, 727 SW.2d 849 (1987); see also *Hobbs v. Baird*, 2011 Ark. 261, S.Ct.Ark 182, 547 SW.3d, 54 (2018).

I have repeatedly submitted evidence to demonstrate I was never properly sentenced nor given any instructions as to being considered a habitual offender – or even evidence to show this as a possibility. See *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct 1865, 138 L.Ed.2d 162 (1997); see also *Davis v. Kelley*, 855 F.3d 833, Ark 182 (2018). The Court had jurisdiction to sentence me under Habitual Offender status, yet that is not selected or checked on the Sentencing Order in question. The Arkansas Department of Corrections has no authority to modify my sentence without prior approval or signoff from the Court.

All of these actions are in violation of my Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights according to the United States Constitution and the State of Arkansas. How can a man be sentenced without being found guilty of charges?

## LEGAL CITATION AND REFERENCE

A defendant must receive prior notice before trial that the charge of Habitual Offender is being filed against him or her, pursuant §5-4-501(A) of the Habitual Offenders Sentencing Act, and according to The Trial Procedure for Habitual Criminals, Ark. Code Ann. §16-90-205 (2023 Edition). See:

- *Rush v. State*, 324 Ark. 147, 919 SW.2d 933 (Ark. 1996)

- *Thomas v. State*, 868 SW.2d 85, 315 Ark. 518 (Ark. 1994)

3

- *Doe v. Arkansas, Dept. of Human Service*, 182 SW.3d 107, 357 Ark. 413 (Ark. 2004)
- *Griffin v. State*, 823 SW.2d 446, 305 Ark. 537 (Ark. 1992)
- *Gonley v. State*, 808 SW.2d 745, 305 Ark. 422 (Ark. 1991)
- *Glaze v. State*, 2011 Ark. 464, 385 SW.3d 203 (Ark. 2011)
- *Wood v. State*, 302 Ark. 512, 790 SW.2d 892 (Ark. 1990)
- *Hodge v. State*, 320 Ark. 31, 894 SW.2d 927 (Ark. 1995)

These cases, in fact, clearly state, "The Jury first shall hear all evidence relevant to the serious felony involving violence with which the defendant is currently charged and shall retire to reach a verdict of guilt or innocence on this charge.

(b) The defendant has the right to hear and controvert evidence described in subdivision (c)(4)(A)(ii)(a) of this section and to offer evidence in his or her support."

The Arkansas Habitual Offenders Sentencing statute §5-4-501(A) goes on to state: "The determination of whether a felony conviction from another jurisdiction is comparable to an enumerated serious felony involving violence under Arkansas Criminal Law lies within the discretion of the Trial Judge at the time of sentencing." Ark. State Ann. §43-2330.1 (repealed 1976) Trial Procedure for Habitual Criminals.

The following trial procedure shall be adhered to in cases involving Habitual Criminals, clearly stated:

(1) The jury shall first hear all of the evidence pertaining to the current charge against the defendant and shall retire to reach its verdict as to this charge

based only upon such evidence; provided, however, that nothing herein shall prohibit cross-examination of a defendant as to previous convictions when the defendant takes the stand in his own defense.

(2) If the defendant is found guilty, the same jury shall sit again and hear evidence of defendant's prior conviction(s), provided, that the defendant shall have the right to deny the existence of any prior conviction(s) and to offer evidence in support thereof.

(3) The Jury shall again retire and if it is found that the prior conviction(s) exists, or if the defendant admits such previous conviction(s), then the prior conviction(s) shall be considered in fixing the punishment for the current offense for which the defendant has been convicted in accordance with Section 1 (§43-2328) hereof (Acts 1967, No: 639.5, p. 1174)

Ark. Crim. Code §41-1005 (Bobbs Merrill 1975) Procedure for Imposing Sentence to Extended Term of Imprisonment

The following procedure shall govern trials at which a sentence to an extended term of imprisonment is sought pursuant to section 1001 (§41-1001):

(1) The Jury shall first hear all evidence relevant to the felony with which defendant is currently charged and shall retire to reach a verdict of guilt or innocence on this charge.

(2) If the defendant is found guilty of the felony, the same just shall sit again and hear evidence of defendant's previous conviction of two or more felonies. Defendant shall have the right to hear and controvert such evidence and to offer evidence in his support.

(3) The Jury shall retire again if it finds that the defendant has previously been convicted of two or more felonies, the jury shall consider the previous convictions in determining the sentence to be imposed for the felony of which defendant currently stands convicted. (Acts 1975, No. 280, §1005, p. ---)

The right to Trial by Jury on the issue of Habitual Criminal Statue is granted on the face of the Arkansas Statute. This right has long been recognized in such a proceeding. See *McConahay v. State*, 257 Ark. 328, 331, 516 SW.2d 887 (1974) (Emphasizing the right to Trial by Jury under the Arkansas Habitual Criminal Statute.) See also, *Cox v. Hutto*, 619 F.2d 731 (8th Cir., 1980)

In *Klimas v. Mabry*, who depended critically upon the fact that Arkansas gives to the Jury the function of sentencing, both in general and specifically under the Habitual Criminal Act.

Arkansas law leaves the resolution of the dispute to the Jury.

*Wolff v. McDonnell*, 418 US.539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). The defendant is entitled to a Jury rule on the evidence such as it is regardless if a judge would deem the evidence convincing.

Also see *Cox v. Hutto*, 619 F.2d 731 (8th Cir., 1980)

The Arkansas Supreme Court has held that sentencing a defendant as a habitual offender when that statute did not apply to him is prejudicial error requiring that the defendant either be re-tried or have his sentence modified to the minimum applicable punishment under the general sentencing statute. *Ellis v. State*, 270 Ark. 243, 603 SW.2d 891, 892 (1980); *McDonald v. State*, 266 Ark. 56, 582 SW.2d 272, 274 (1979).

Legislature intended the word "conviction" as used in the Habitual Criminal Statute to mean 'establishment of guilt prior to and independently of judgment and sentencing. Ark. Statutes §43-2328. *Rogers v. State*, 1976, 260 Ark. 232, 538 SW.2d 300. Sentencing and punishment-1250.

While being a Habitual Offender is not a separate offense, it is an enhancement provision that requires specific elements of proof. Ark. Code Ann. §5-4-501, see *Mackey v. State*, 1997, 939 SW.2d 851, 56 Ark.App.164, reversed, 947 SW.2d 359, 329 Ark. 229. Sentencing and punishment-1206.

The State has the burden of proving a defendant's prior convictions for the purposes of enhanced sentencing under the Habitual Offender statue. *Ray v. State*, 2009, 357 SW.3d 872, 2009 Ark. 521. Sentencing and punishment-1378.

Respectfully,

Willie Munn
ADC #080042
Varner Unit
P.O. Box 600
Grady, AR 71644

7

## **VERIFICATION**

The petitioner states under oath that he has read the foregoing petition for post-conviction relief and that the facts stated in the petition are true, correct, and complete to the best of his knowledge and belief.

PAULINA N. GONDER
NOTARY PUBLIC - STATE OF ARKANSAS
DREW COUNTY
COMM. #12719636 EXP. FEBRUARY 24, 2032

Willie Munn

STATE OF ARKANSAS
COUNTY OF _Drew_

Subscribed and sworn to before me the undersigned officer this 11th of day of _Jan_ , 2024

SEAL

NOTARY PUBLIC

Expiration of Commission:

PAULIN...
NOTARY PUBLIC - STATE OF ARKANSAS
DREW COUNTY
COMM. #12... 2032

8

## AFFIDAVIT

I, _Willie Munn_, after first being duly sworn, do hereby swear, depose and state that:

MR, Dexter Payne, I am writting You Again To Ask Why my sentence Is Excuted at 100% when my sentencing order Do not Expressly designates That defendant was sentenced under 5-4-501(d)(2), when You Look at Your Last comment's You stated I Was sentence After May 24, 2022. Enclose Is my Sentencing "ORDER" of 11-9-2020 And The Conditions of Suspended Sentence Order. It State Nothing About 1805, 16-93-609 or 5-4-501 (d)(2), Like Exhibit (1), And Exhibit (2) From The Same County. I Fell out of Hempstead They did Not Check ANY Enhancement on my sentening ORDer my time Card say "Probation Revocation" Not Habitual CR-20-52 Was 1-25-20 over Three # Ago, 10-27-22 Was A Revocation hearing Not A Sentening Trial,

_____ End of Statement _____

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

9-29-23
DATE

_Willie Munn_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 29th day of
September _____, 20 23 .

_____
NOTARY PUBLIC

My Commission Expires: 9-15-2031

STATE OF ARKANSAS                )
                                 ) §
COUNTY OF _____      )

LAWRENCE GOODLOE
No.12718237
JEFFERSON COUNTY
Commission Expires 9-15-2031
NOTARY
ARKANSAS
PUBLIC

**STATE OF ARKANSAS**                    )
                                         )§
**COUNTY OF** _Lincoln_                   )

### AFFIDAVIT

I, _Willie Munn_, after first being duly sworn, do hereby swear, depose and state that:

First Let me say Happy New Years. And I pray That Every Thing You All Do from This Day Forward, I pray That You prospy And succod. God Bless You And Yours; for About There Years Ago, I have Been Sentence at Least Three times And Sent To prison For A crime I Aid not Committee; The Affidavit for warrant of Arrest States on this Date Munn Approached the Residence From 606 East Avenue (A) completely Nude And was hitting himself In The Head. I was Charge with Burglary Criminal mischief, Assault 3 Degree Both misdemeanors; The State fail To prove The underling Felony of Theft See William Vs State 2018 Ark. App. 349. Court of Appeals of Arkansas;

_____ End of Statement _____

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

_1-4-24_
DATE

_Willie munn_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this _4th_ day of _January_, 20_24_.

_Edward Lane_
NOTARY PUBLIC

My Commission Expires: _August 12, 2031_

EDWARD LANE
NOTARY PUBLIC-STATE OF ARKANSAS
LINCOLN COUNTY
COMM. #12719025 EXP. AUGUST 12, 2031



# IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS

## AFFIDAVIT FOR WARRANT OF ARREST

HPD20-1451

<u>Willie Munn</u>          <u>B/M  07/08/1956</u>        29CR-20-243-1
DEFENDANT'S NAME          RACE/SEX/DOB

XXXFelony

<u>806 East Avenue A  Hope, AR  71801</u>       <u>Unknown</u>
ADDRESS                                 TELEPHONE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to rule 7.1 of the Arkansas Rules of Criminal Procedure, the undersigned Affiant (s), being duly sworn, deposes and says that he had reason to believe that the above named person has committed the offense of violating Arkansas code:

| | |
|---|---|
| <u>Residential Burglary (Class B Felony)</u> | <u>5-39-201</u> |
| <u>Criminal Mischief 1st Degree (Class A Misdemeanor)</u> | <u>5-38-203</u> |
| <u>Assault 3rd Degree (Class C Misdemeanor)</u> | <u>5-13-207</u> |

on or about the <u>28th</u> day of <u>September, 2020</u>, committed by:

<u>(1) A person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. (2) Residential burglary is a Class B felony.</u>

<u>(a) A person commits the offense of criminal mischief in the first degree if he or she purposely and without legal justification destroys or causes damage to any: (1) Property of another. (b) Criminal mischief in the first degree is a: (1) Class A misdemeanor if the amount of actual damage is one thousand dollars ($1,000) or less.</u>

<u>(a) A person commits assault in the third degree if he or she purposely creates apprehension of imminent physical injury in another person. (b) Assault in the third degree is a Class C misdemeanor.</u>

in Hempstead County, Arkansas against the peace and dignity of the State of Arkansas.

## FACTS CONSTITUTING REASONABLE CAUSE

<u>On 09/28/2020 at approximately 0903 hours, reporting Officer M. Whitney and assisting Officers J. Weaver and Corporal B. Haley received a call in reference to an unknown disturbance located at 810 East Avenue A in Hope, Hempstead County, Arkansas.</u>

<u>While enroute the police dispatcher advised that Willie Munn had been in an altercation with Latosha Featherston and left, possibly headed to 806 East Avenue A. Officer Weaver requested the police dispatcher query Munn into ACIC/NCIC which revealed Munn to have a valid failure to appear warrant with the City of Hope in the amount of $2,510.00.</u>

<u>Upon arrival, contact was made with Featherston and Larriunna Lee, preliminary investigation determined the following. On this date Munn approached the residence from 806 East Avenue A completely nude and was hitting himself in the head. Featherston advised Munn to leave and put some clothes on. Featherston began to enter her residence with Munn close behind. Featherston attempted to lock Munn outside of the residence but failed. Munn forced himself past Featherston</u>

into the residence where he knocked over her LG 55" television, stepped on it, and caused it to break. Munn jumped over a glass coffee table and flipped a child's bouncer chair by hand with Larriunna Lee's six month old child, A'zaylah Lee sitting in it. Larriunna told her younger brother, Simone Featherston to pick A'zaylah up and moved them into a corner where she placed herself in front of them for protection. Munn began to swing his hands at Larriunna but did not strike her. Munn exited the residence and ran back to his located at 806 East Avenue A.

Officer Whitney and CPL Haley observed redness on A'zaylah's back consistent with the given information. Officer Whitney observed Featherston's television to have a dent on the back consistent with being stood on and a shattered screen. Photographs were taken of A'zaylah's back and Featherston's television which are incorporated into this case file.

Officers made contact with Munn at his residence where he was taken into custody. The handcuffs were checked for proper fit and double locked. Munn was transported to the HCDF where he was jailed and held for first appearance.

Latosha Featherston and Larriuna Lee both provided written statements in reference to this incident.

I swear that the allegations contained herein are the truth, the whole truth, and nothing but the truth.

_____          _____
AFFIANT                                     AFFIANT

Eric D. Green
Detective
Hope Police Department

State of Arkansas
County of Hempstead

Signed before me this the ___29th___ day of ___September___ ,2020.

_____          _____
NOTARY                                      COMMISSION EXPIRES

LAURA TEWALT
Notary Public-Arkansas
Hempstead County
My Commission Expires 01-16-2027
Commission # 12699984

Reviewed by Prosecutor: _____Arrested: YES (X)   NO ()

I hereby find that this sworn affidavit demonstrates reasonable and probably cause for the issuance of a warrant(s) for the above named person for the above stated offense(s). I further direct the Circuit/District Clerk of Hempstead County to issue an arrest warrant for the above named defendant.

_____          9/28/2020
CIRCUIT/DISTRICT JUDGE                      DATE
HEMPSTEAD COUNTY

# SENTENCING ORDER

IN THE CIRCUIT COURT OF **HEMPSTEAD** COUNTY, ARKANSAS,

**8N** JUDICIAL DISTRICT **2ND** DIVISION

On **11/9/2020** the Defendant appeared before the Court, was advised of the nature of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.

| Offender | **Defendant** [Last, First, MI] Munn, Willie | **DOB** 7/8/1956 | **Sex** ☒ Male ☐ Female | **Total Number of Counts** 2 |
|---|---|---|---|---|
| | **SID #** | **Race & Ethnicity** ☐ White ☒ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Unknown ☐ Other ☐ Hispanic | | |
| | Supervision Status at Time of Offense  parole | | | |

| Court Info | **Judge**  Duncan Culpepper | **File Stamp** |
|---|---|---|
| | **Prosecuting Attorney/Deputy**  Christi McQueen, Prosecuting Attorney | 2020 NOV 23 PM 1:57  GAIL WOLFENBARGER CIRCUIT CLERK HEMPSTEAD COUNTY, AR  **FILED** |
| | **Defendant's Attorney**  Charles Friday   ☐ Private ☒ Public Defender ☐ Pro Se ☐ Appointed | |
| | **Change of Venue** ☐ Yes ☒ No   If yes, from: | |

**Legal Statement**

☐ Pursuant to A.C.A. ☐ §§16-93-301 et seq., or ☐ §§_____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment:

☒ is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Arkansas Division of Community Correction (A.C.C) rules and regulations.

☐ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Division of Correction (A.D.C) for the term specified on each offense shown below.

Defendant made a voluntary, knowing, and intelligent waiver of the right to counsel. ☐ Yes ☒ No

| Offense #1 | **A.C.A. # of Offense/ Name of Offense+** 5-39-201(a)/Burglary-Residential | | **Case #** CR-20-243 |
|---|---|---|---|
| | **A.C.A. # of Original Charged Offense**  5-39-201(a) | **ATN** HEM005820567 | **Offense was** ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted |
| | | **Appeal from District Court** ☐ Yes ☒ No | **Probation/SIS Revocation+** ☐ Yes ☒ No |
| | **Offense Date** 9/28/20 | **Offense is** ☒ Felony ☐ Misd. ☐ Viol. | **Offense Classification** ☐ Y ☐ A ☒ B ☐ C ☐ D ☐ U |
| | **Number of Counts:** 1 | **Criminal History Score** 5 | **Seriousness Level** 7 | ☐ Defendant ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense |

**Presumptive Sentence** ☒ Prison Sentence of **180** to **480** months   ☐ Community Corrections Center   ☐ Alternative Sanction

**Defendant Sentence\* (see Page 2)**

Imposed ☐ ADC ☐ Jud. Tran. ☐ County Jail   If probation or SIS accompanied by period of confinement, state time: _____ days or _____ months.

_____ months

Probation _____ months

SIS **120** months

Other ☐ Life ☐ LWOP ☐ Death

Sentence was enhanced _____ months, pursuant to A.C.A. §§ _____
Enhancement(s) is to run: ☐ Concurrent ☐ Consecutive.
☐ Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d)

| **Victim Info# (See page 2)** ☐ N/A [Multiple Victims ☐ Yes ☒ No] | **Age** 42 | **Sex** ☐ Male ☒ Female | **Race & Ethnicity** ☐ White ☒ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|

Defendant voluntarily, intelligently, and knowingly entered a

☒ negotiated plea of ☐ guilty or ☒ nolo contendere.
☐ plea directly to the court of ☐ guilty or ☐ nolo contendere.

**Defendant:**
☐ was sentenced pursuant to ☐ §§16-93-301 et seq., or ☐ other §§ _____
☐ entered a plea and was sentenced by a jury.
☒ was found guilty by the court & sentenced by ☒ court ☐ jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury.
☐ was found guilty of lesser included offense by ☐ court ☐ jury.

| **Sentence is a Departure** ☒ Yes ☐ No | **Sentence Departure is** ☐ Durational or ☒ Dispositional. If durational, state how many months above/below the presumptive sentence: 60 to 360 |
|---|---|

**Departure Reason (See page 2 for a list of reasons)**

Aggravating # _____ or Mitigating # _____. For Agg. #17 or Mit. #9, or if departing from guidelines, please explain: _____

Sentence will run: ☐ Consecutive ☒ Concurrent
to Offense # _____ or
Case # CR-20-52

Defendant's Full Name: Munn, Willie

| Reasons for Departure | |
|---|---|
| (Please see complete list of departure criteria found at A.C.A. §16-90-804) | |
| **Aggravating** | **Mitigating** |
| 1. Offender's conduct manifested deliberate cruelty to the victim during commission of current offense. | 1. Victim played an aggressive role or provoked the incident or was a willing participant. |
| 2. Offender knew victim vulnerable due to extreme youth, advanced age, disability or ill health. | 2. Offender played a minor or passive role in commission of the offense. |
| 3. Offense was major economic offense established by one of the following criteria: (a) multiple victims/incidents, (b) monetary loss substantially greater than typical, (c) degree of sophistication or time, (d) misuse of fiduciary duty, or (e) other similar conduct. | 3. Offender compensated/made an effort to compensate for damage or injury before detection. |
|  | 4. Offender was lesser participant showing caution/concern for safety or well-being of victim. |
| 4. Current Offense was major controlled substance offense if two or more of the following are present: (a) Three or more separate transactions involve sale, transfer or possession with purpose; (b) Amount substantially larger than the statutory minimums which define the offense; (c) Offense involved a high degree of planning or lengthy period or broad geographic area; (d) Offender occupied a high position in the drug distribution hierarchy; (e) Offender misused position of trust or status or fiduciary duty to facilitate commission; (f) Offender has received substantial income or resources from drug trafficking. | 5. Offender or offender's children acted in response to continuing physical/sexual abuse by victim. |
|  | 6. Policy on multiple offenses in single course of conduct in offender's prior criminal history results in sentence which is excessive for the offense. |
|  | 7. Offender voluntarily admitted sexual offense and sought and participated in treatment before detection. |
|  | 8. Offender made effort to provide assistance in investigation or prosecution of another as indicated by motion of state (can weigh timeliness of assistance, nature and extent of assistance, and truthfulness, completeness, and demonstrable reliability of info or testimony). |
| 5. Current offense is a felony and the offender employed a firearm in furtherance or flight unless such use is element of offense. | |
| 6. Current offense was sexual offense and part of pattern with same or different victims under eighteen manifested by multiple incidents over a prolonged period of time. | 9. Other |
| 7. Policy on multiple offenses in a single course of conduct in offender's prior criminal history results in a sentence that is clearly too lenient. | |
| 8. Offense was committed in manner that exposed risk of injury to others. | |
| 9. Offense was a violent or sexual offense committed in victim's zone of privacy. | |
| 10. Offender attempted to cover or conceal the offense by intimidation of witnesses, tampering of evidence, or misleading authorities. | |
| 11. Offense committed to avoid arrest or effecting an escape from custody. | |
| 12. Offender lacks minimum insurance in a vehicular homicide. | |
| 13. Statutory minimum sentence overrides the presumptive sentence. | |
| 14. Multiple concurrent sentences being entered at this time require a higher sentence. | |
| 15. Sentence is higher as a result of other charges being dropped or merged. | |
| 16. Sentence is outside the presumptive range but is not a departure due to statutory override or because the offender/offense is ineligible for a Community Correction Center. | |
| 17. Other. | |

**NOTE:**

**\* Defendant Sentence.** "Imposed ADC" means incarceration in an Arkansas Division of Correction facility. "Imposed Judicial Transfer" means incarceration in an Arkansas Division of Community Correction Center. "Imposed County Jail" means incarceration in a county jail facility. Indicate in months the total time the Defendant was sentenced to a term of incarceration. DO NOT INCLUDE TIME FOR SIS.

**# Victim Info.** For more than one victim, please use the "Additional Victim Information" page to disclose additional victim demographics. If there is no victim, check not applicable.

**+ A.C.A. # of Offense/Name of Offense & Probation/SIS Revocation.** If an offender is being sentenced as a result of a revocation of probation or SIS, check the box indicating this is a "Probation/SIS Revocation", and enter the A.C.A. number and name of the offense for which the defendant was originally convicted. Do not enter the code provision for revocation or the cause of the revocation.

Defendant's Full Name: Munn, Willie

| A.C.A. # of Offense/<br>Name of Offense+ | 5-38-203(a)(1)/Criminal Mischief – 1st Degree (Damage <=$1,000) | | Case # | CR-20-243 |
|---|---|---|---|---|

| A.C.A. # of Original<br>Charged Offense | 5-38-203(a)(1) | ATN HEM005820567 | Offense was ☐Nolle Prossed ☐ Dismissed ☐ Acquitted |
|---|---|---|---|
| | | Appeal from District Court ☐Yes ☒No | Probation/SIS Revocation+ ☐Yes ☒No |

| Offense Date 9/28/20 | Offense is ☐ Felony ☒ Misd. ☐Viol. | Offense Classification ☐ Y ☒ A ☐ B ☐ C ☐ D ☐ U |
|---|---|---|

| Number<br>of Counts: 1 | Criminal History<br>Score 5 | Seriousness<br>Level 0 | Defendant ☐Attempted ☐ Solicited<br>☐ Conspired to commit the offense |
|---|---|---|---|

| Presumptive Sentence ☐ Prison Sentence of ____ to ____ months ☐ Community Corrections Center ☐ Alternative Sanction |
|---|

**Defendant Sentence\* (see Page 2)**
Imposed ☐ADC ☐ Jud. Tran. ☐ County Jail

Probation _____ months

____ months

SIS ___12___ months

Other ☐ Life ☐ LWOP ☐ Death

If probation or SIS accompanied by period of confinement, state time: ____ days or ____ months.

Sentence was enhanced _____ months, pursuant to

A.C.A. §§ _____

Enhancement(s) is to run: ☐Concurrent ☐ Consecutive.

Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Info# (See page 2) ☐ N/A<br>[Multiple Victims ☐Yes ☒ No] | Age 47 | Sex ☐ Male<br>☒ Female | Race & Ethnicity ☐ White ☒ Black ☐ Asian ☐ Native American<br>☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|

**Defendant voluntarily, intelligently, and knowingly**
☒negotiated plea of ☐guilty or ☐nolo contendere.
☐plea directly to the court of ☐guilty or ☐nolo contendere.

Defendant:
☐ was sentenced pursuant to  ☐§§16-93-301 et seq., or ☐other §§____
☐ entered a plea and was sentenced by a jury.
☒ was found guilty by the court & sentenced by ☒ court ☐jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐jury.
☐ was found guilty of lesser included offense by ☐ court ☐jury.

| Sentence is a Departure<br>☐ Yes ☒ No | Sentence Departure is ☐ Durational or ☐ Dispositional.<br>If durational, state how many months above/below the presumptive sentence: |
|---|---|

| Departure Reason (See page 2 for a list of reasons)<br>Aggravating # _____ or Mitigating # _____. For Agg. #17 or Mit. #9,<br>or if departing from guidelines, please explain: _____ | Sentence will run: ☐ Consecutive<br>Concurrent ☒<br>to Offense # _____ or<br>Case # CR-20-52 |
|---|---|

---

| A.C.A. # of Offense/<br>Name of Offense+ | | | Case # |
|---|---|---|---|

| A.C.A. # of Original<br>Charged Offense | | ATN | Offense was ☐Nolle Prossed ☐ Dismissed ☐ Acquitted |
|---|---|---|---|
| | | Appeal from District Court ☐Yes ☐ No | Probation/SIS Revocation+ ☐Yes ☐ No |

| Offense Date | Offense is ☐ Felony ☐ Misd. ☐Viol. | Offense Classification ☐ Y ☐ A ☐ B ☐ C ☐ D ☐ U |
|---|---|---|

| Number<br>of Counts: | Criminal History<br>Score | Seriousness<br>Level | Defendant ☐Attempted ☐ Solicited<br>☐ Conspired to commit the offense |
|---|---|---|---|

| Presumptive Sentence ☐ Prison Sentence of ____ to ____ months ☐ Community Corrections Center ☐ Alternative Sanction |
|---|

**Defendant Sentence\* (see Page 2)**
Imposed ☐ADC ☐ Jud. Tran. ☐ County Jail

Probation _____ months

____ months

SIS _____ months

Other ☐ Life ☐ LWOP ☐ Death

If probation or SIS accompanied by period of confinement, state time: ____ days or ____ months.

Sentence was enhanced _____ months, pursuant to

A.C.A. §§ _____

Enhancement(s) is to run: ☐ Concurrent ☐ Consecutive.

Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Info# (See page 2) ☐ N/A<br>[Multiple Victims ☐Yes ☐ No] | Age | Sex ☐ Male<br>☐ Female | Race & Ethnicity ☐ White ☐ Black ☐ Asian ☐ Native American<br>☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|

**Defendant voluntarily, intelligently, and knowingly entered a**
☐negotiated plea of ☐guilty or ☐nolo contendere.
☐plea directly to the court of ☐guilty or ☐nolo contendere.

Defendant:
☐ was sentenced pursuant to  ☐§§16-93-301 et seq., or ☐other §§____
☐ entered a plea and was sentenced by a jury.
☐ was found guilty by the court & sentenced by ☐ court ☐jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐jury.
☐ was found guilty of lesser included offense by ☐ court ☐jury.

| Sentence is a Departure<br>☐ Yes ☐ No | Sentence Departure is ☐ Durational or ☐ Dispositional.<br>If durational, state how many months above/below the presumptive sentence: |
|---|---|

| Departure Reason (See page 2 for a list of reasons)<br>Aggravating # _____ or Mitigating # _____. For Agg. #17 or Mit. #9,<br>or if departing from guidelines, please explain: _____ | Sentence will run: ☐ Consecutive<br>Concurrent ☐<br>to Offense # _____ or<br>Case # |
|---|---|

Defendant's Full Name: Munn, Willie

## Special Conditions

| Sex Offenses | Domestic Violence Offenses |
|---|---|
| Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form and pay the Mandatory Sex Offender Fee of $250.　☐ Yes ☒ No | Defendant has been adjudicated guilty of a domestic-violence related offense and must pay additional court costs of $25 under Act 583 of 2017.　☐ Yes ☒ No |
| Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903.　☐ Yes ☒ No | Defendant was originally charged with a domestic-violence related offense.　☐ Yes ☒ No |
| Defendant is alleged to be a sexually dangerous person and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.　☐ Yes ☒ No | If yes, state the A.C.A. # of the offense: |
| Defendant, who has been adjudicated guilty of an offense requiring registration, has been adjudicated guilty of a prior sex offense under a separate case number.　☐ Yes ☒ No If yes, list prior case numbers: | If yes to either question, identify the relationship of the victim to the Defendant by offense number. |

| DNA Sample/Qualifying Offense | Drug Crime |
|---|---|
| Defendant has been adjudicated guilty of a qualifying offense or repeat offense (as defined in A.C.A. §12-12-1103). ☒ Yes ☐ No Defendant is ordered to have a DNA sample drawn at ☐ A.C.C. facility ☐ the A.D.C. or ☒ other already on file. Assessment would create undue burden for defendant. | Defendant has been convicted of a drug crime, as defined in §12-17-101. ☐ Yes ☒ No |

## Fines, Fees, Restitution

| | |
|---|---|
| Court Costs | $ 150.00 |
| Fines | $ 1,000.00 |
| Booking/Admin Fees ($40) | $ 40.00 |
| Drug Crime Assessment Fee ($125) | $ |
| DNA Sample Fee ($250) | $ |
| Children's Advocacy Center Fund Fee | $ |
| Public Defender User Fee | $ |
| Public Defender Attorney Fee | $ 250.00 |
| Other (explain) | $ |

Restitution $ 425.00 _____ Payable to [If multiple beneficiaries, give names and payment priority] Latosha Featherston; 810 E Ave A, Hope, AR

**Terms**
☐ Due Immediately
☐ Installments of: to be established & paid to the Circuit Clerk's Office.
☐ Payments must be made within _____ days of release from A.D.C.
☐ Upon release from confinement, Defendant must return to court to establish payment of restitution
☐ Restitution is joint and several with co-defendant(s) who was found guilty – List name(s) and case number(s) _____

## Sentence Options

Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act. ☐ Yes ☒ No
The Court hereby orders a judicial transfer to the AR Division of Community Correction. ☐ Yes ☒ No
Pursuant to the Community Punishment Act, the Defendant shall be eligible to have his/her records sealed ☐ Yes ☒ No .

**Extended Juvenile Jurisdiction Applied** ☐ Yes ☒ No

| JAIL TIME CREDIT | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months: _____ ☐ Life ☐ LWOP | Death Penalty ☐ Yes ☒ No | If Yes, State Execution Date: |
|---|---|---|---|

DEFENDANT IS ASSIGNED TO: ☐ ADC ☐ ADC, Admin. Transfer Authorized ☐ CCC ☐ COUNTY JAIL ☐ PROBATION ☒ SIS

Conditions of disposition or probation are attached. ☐ Yes ☒ No

A copy of the pre-sentence investigation on sentencing information is attached ☐ Yes ☒ No ☐ Defendant has previously failed a drug court program.

A copy of the Prosecutor's Short Report is attached ☐ Yes ☒ No

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS ☒ Yes ☐ No　Appeal Bond $

The County Sheriff is hereby ordered to: ☐ transport the defendant to county jail ☐ take custody for referral to CCC ☐ transport to ADC

Defendant shall report to ACC probation officer for report date to CCC. ☐ Yes ☒ No

## Signature

Prosecuting Attorney/Deputy (Print Name): Ben Hale, deputy
Signature: _____ Date: 11/18/2020

Circuit Judge (Print Name): Duncan Culpepper
Signature: _____ Date: 11-23-20

Additional Info: As a special condition of his SIS, Defendant shall meet w/his parole officer & establish a plan for the payment of his court costs, restitution, fines & fees. Said payments shall be made to the Hempstead County Circuit Clerk's Office according to the plan until same is paid in full. Defendant shall have no contact w/victim, Latosha Featherston.

Defendant agreed to a search warrant during his SIS.

IN THE CIRCUIT COURT OF _Hempstead_ COUNTY, ARKANSAS

STATE OF ARKANSAS

VS.                                          CASE NO. CR- _2020-243-2_
_Willie Munn_                                         _2020-52-2_

## CONDITIONS OF SUSPENDED SENTENCE
## ORDER

NOW ON THIS _9th_ day of _November_ 20 _18_, the defendant having been convicted in the above styled action for the offense(s) of _Res Burg 104 SFS & Assault + 3rd 14 SFS 20-243; POCS - Cocaine & P.D. Para 6 y SFS_ _(Pled No contest_ and sentenced to _O_ YEARS _/in the Arkansas Department of Corrections with_ _10_ YEARS suspended, commencing the defendant's release from physical custody, and;

Pursuant to the authority granted this Court;

IT IS THEREFORE, BY THE COURT, CONSIDERED, ORDERED, AND ADJUDGED that the defendant is subject to the following conditions:

_WM_ 1. That the defendant must submit a written monthly report to the Probation Officer on the date so specified. Reports both written and verbal must be truthful in all respects. The defendant must report in person to the Probation Office as instructed and permit the Probation Officer to visit the defendant's home, place of employment or elsewhere. The defendant must cooperate with the Probation Officer at all times;

_WM_ 2. That the defendant must remain steadily and gainfully employed and must support himself / herself and his or her dependants without the aid of public assistance so long as physically and medically capable, and maintain a standard of personal appearance that will not impede the obtaining of and / or maintaining of employment;

_WM_ 3. That the defendant must report at all times their place of residence, which cannot be changed without the approval of the Probation Officer. Written permission must be obtained from the Probation Officer before leaving the State of Arkansas;

_WM_ 4. That the defendant shall obey all Federal and State Laws, local ordinances and Court orders. All arrests must be reported immediately to the Probation Officer;

_WM_ 5. That the defendant cannot own, purchase, possess, use, sell or have under their control any deadly weapon, or firearm, or imitation thereof, or be in the company of any person possessing same;

_WM_ 6. That the defendant shall abstain completely from the use of alcoholic beverages. The defendant shall not enter places where intoxicating beverages are offered for sale;

_WM_ 7. That the defendant shall not possess, use, sell, distribute, or have under their control, any controlled substance except as prescribed by one with legal authority to prescribe;

_WM_ 8. That the defendant shall not associate or correspond with persons who have a criminal record or who are engaged in criminal activities;

_WM_ 9. That the defendant shall submit to and pay the expense of any rehabilitative, medical, or psychiatric program the 8th North Judicial Circuit Court deems necessary;

_WM_ 10. That the defendant shall submit to and pay the expense of random drug testing at the discretion of the Probation Officer;

_WM_ 11. That the defendant must pay a monthly Probation supervision fee of $ _35.00_ ;

_WM_ 12. That the defendant must pay a Fine(s) of $ _1500.00_, Court cost(s) of $ _150.00_, Restitution(s), if any, in the amount of $ _425.00_ and $ _250.00_ to the Public Defender Fund, a DNA Testing Fee of $ _____, and a $20.00 Booking and Administration Fee. The defendant must pay $_____.00 per month on the above fine(s), Court cost(s), Restitution(s) DNA Testing Fee, Booking and Administration fee, and / or Public Defender Fund;

_WM_ 13. That the defendant shall make a good faith effort toward completion of a high school diploma or G.E.D. certificate by enrolling in and attending a program of instruction at a State approved education center, if required;

_WM_ 14. _pay $500 Fine for each count ($1500.00)_

_WM_ 15. _Restitution payable to Latosha Featherston ($425.00)_

_WM_ 16. _No Contact with victim_

_WM_ 17. _30 day Jail for Misd. charge of Crim Mischief_

_WM_ 18. _Special condition: Search waiver_

_WM_ 19. As a condition of this Order the Court may impose a period of confinement in a county jail, city jail or other authorized detentional, correctional or rehabilitative facility, not to exceed _365_ days;

_WM_ 20. And, it is further Ordered that the Court retains jurisdiction during said period of Suspended Sentence, to change the Conditions of Suspended Sentence, and to set aside, vacate or revoke such Suspended Sentence for good cause, pursuant to Arkansas Code Annotated 5-4-306(b).

I HAVE RECEIVED, READ AND UNDERSTAND THE ABOVE CONDITIONS. I further understand that if I am found to have violated any of the above conditions during the period of the Suspended Sentence, that I could be sentenced to the Arkansas Department of Corrections, the county jail, or other authorized detentional, correctional or rehabilitative facility.

X _Willie munn_ 11-10-20
DEFENDANT / DATE                                    CIRCUIT JUDGE

_____ _11-10-20_
PROBATION OFFICER / DATE

FILED
THIS _6_ DAY OF _November_
20 _20_ AT _10:23_
_Michelle Brown_
GAIL WOLFENBARGER, CIRCUIT CLERK

# IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY

## Hempstead County Appearance Bond

A Cash Bond has been set by Judge _Short_ in the amount of $ _10,000_

Pursuant to the Arkansas Rules of Criminal Procedure Rule 9.2 governing the release on money bail, the undersigned surety herby deposits the sum of:

1. _1,000_ (10%) of the total amount of the cash bond amount.

2. _$40.00_ BondFee per ACA 17-19-301

3. _1040.00_ Total Deposit (add lines 1 and 2)

for the purpose of assuring the appearance of _Willie Munn_, hereinafter referred to as Defendant, in any and all court hearings or proceedings now pending against the Defendant in the Circuit Court of Hope, Hempstead County, Arkansas. The Defendant's first court appearance shall be on _7-11-22_ at 9:00 A.M. in the courtroom of the Hempstead County Courthouse, Hope, Arkansas.

The Hempstead County Sheriff's Office will secure bond money deposited until appropriate orders of disbursement are issued by the Circuit Court of Hope, Hempstead County, Arkansas. Fees related to ACA 17-19-301 will be paid quarterly to the Arkansas Professional Bail Bondsman Licensing Board.

The undersigned surety further agrees and understands that the Defendant's failure to appear at any scheduled court appearance, upon judicial approval, will result in the amount deposited being forfeited to the County General Fund. Upon the Defendant's failure to appear, the undersigned surety could be held responsible for the bond amount.

The undersigned surety agrees and understands that if the Defendant appears at all the scheduled court appearances and upon the final adjudication of the Defendant's pending case, that ninety percent (90%) of the amount deposited will be applied to the total amount of fines and costs adjudged against the Defendant, if found guilty, with the remaining ten percent (10%) being paid to the Hempstead County, Arkansas.

The undersigned surety further agrees and understands that the surety will remain obligated pursuant to the terms and conditions of this bond until final adjudication of the Defendant's pending case and the entrance of an order from court releasing the surety from this bond.

Dated on this _28_ day of _June_, 20 _22_

_____
Defendant's Signature

BY: _Avant_

RECEIPT NO. _4849/1445_

Surety (print name) _Mary Munn_

_____
Surety (Signature)

ADDRESS: _114 Hempstead Rd 58_
_Ozan AR 71855_

TELEPHONE NO. _870.983.3020_
_870.826.5272_

# SENTENCING ORDER

IN THE CIRCUIT COURT OF __HEMPSTEAD__ COUNTY, ARKANSAS,
__8N__ JUDICIAL DISTRICT __2ND__ DIVISION

On __10/27/2022__ the Defendant appeared before the Court, was advised of the nature
of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea upon those rights, and
of the right to make a statement before sentencing.

**Offender**

| Defendant | DOB | Sex | Total Number |
|---|---|---|---|
| [Last, First, MI] Munn, Willie | 7/8/1956 | ■ Male ☐ Female | of Counts 3 |

SID # | 3 | 8 | 5 | 4 | 6 | 7

Race & Ethnicity ☐ White ■ Black ☐ Asian ☐ Native American ☐ Pacific Islander
☐ Unknown ☐ Other ☐ Hispanic

Supervision Status at Time of Offense

**Court Info**

Judge  Duncan Culpepper

File Stamp

Prosecuting Attorney/Deputy  Ben Hale, Deputy

Defendant's Attorney  James Stayton   ☐ Private ■ Public Defender   ☐ Pro Se ☐ Appointed

Change of Venue ☐ Yes ■ No
If yes, from:

**Legal Statement**

☐ Pursuant to A.C.A. ☐ §§16-93-301 et seq., or ☐ §§_____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

☐ There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment:
is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Arkansas Division of Community Correction (A.C.C) rules and regulations.

☐ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Division of Correction (A.D.C.) for the term specified on each offense shown below.

Defendant made a voluntary, knowing, and intelligent waiver of the right to counsel. ☐ Yes ■ No

| A.C.A. # of Offense/ Name of Offense+ | 5-64-419(b)(1)(A)/Possession of Cocaine, a Sch II CS, < 2g | Case # CR-20-52 |
|---|---|---|

| A.C.A. # of Original Charged Offense | 5-64-419(b)(1)(A) | ATN HEM005819979 | Offense was ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted |
|---|---|---|---|

Appeal from District Court ☐ Yes ■ No   Probation/SIS Revocation+ ☐ Yes ☐ No

| Offense Date 1/25/20 | Offense is ■ Felony ☐ Misd. ☐ Viol. | Offense Classification ☐ Y ☐ A ☐ B ☐ C ■ D ☐ U |
|---|---|---|

| Number of Counts: 1 | Criminal History Score 5 | Seriousness Level 3 | Defendant ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense |
|---|---|---|---|

**Presumptive Sentence** ■ Prison Sentence of 48 to 72 months   ■ Community Corrections Center ■ Alternative Sanction

**Offense #1**

Defendant Sentence* (see Page 2)
Imposed ■ ADC ☐ Jud. Tran. ☐ County Jail

____72____ months

Probation _____ months

SIS _____ months
Other ☐ Life ☐ LWOP ☐ Death

If probation or SIS accompanied by period of confinement, state time: _____ days or _____ months.

Sentence was enhanced _____ months, pursuant to

A.C.A. §§_____
Enhancement(s) is to run: ☐ Concurrent ☐ Consecutive.
Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection
☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Info# (See page 2) ■ N/A [Multiple Victims ☐ Yes ☐ No] | Age | Sex ☐ Male ☐ Female | Race & Ethnicity ☐ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|

Defendant voluntarily, intelligently, and knowingly entered a
■ negotiated plea of ☐ guilty or ■ nolo contendere.
☐ plea directly to the court of ☐ guilty or ☐ nolo contendere.

Defendant:
☐ was sentenced pursuant to ☐ §§16-93-301 et seq., or ☐ other §§_____
☐ entered a plea and was sentenced by a jury.
■ was found guilty by the court & sentenced by ■ court ☐ jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury.
☐ was found guilty of lesser included offense by ☐ court ☐ jury.

| Sentence is a Departure ☐ Yes ■ No | Sentence Departure is ☐ Durational or ☐ Dispositional. If durational, state how many months above/below the presumptive sentence: |
|---|---|

Departure Reason (See page 2 for a list of reasons)

Aggravating # _____ or Mitigating # _____. For Agg. #17 or Mit. #9,

or if departing from guidelines, please explain: _____

Sentence will run: ☐ Consecutive ☐ Concurrent
to Offense # _____ or
Case # _____

Defendant's Full Name: Munn, Willie

**Offense #: 2**

| A.C.A. # of Offense/ Name of Offense+ | 5-64-443(a)(2)/Possession of Drug Paraphernalia to Ingest, Inhale, etc. | | Case # CR-20-52 |
|---|---|---|---|

| A.C.A. # of Original Charged Offense | 5-64-443(a)(2) | ATN HEM005819979 | Offense was ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted |
|---|---|---|---|
| | | Appeal from District Court ☐ Yes ■ No | Probation/SIS Revocation+ ☐ Yes ■ No |

| Offense Date 1/25/20 | Offense is ■ Felony ☐ Misd. ☐ Viol. | Offense Classification ☐ Y ☐ A ☐ B ☐ C ■ D ☐ U |
|---|---|---|

| Number of Counts: 1 | Criminal History Score 5 | Seriousness Level 3 | Defendant ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense |
|---|---|---|---|

| Presumptive Sentence ■ Prison Sentence of 48 to 72 months ☐ Community Corrections Center ■ Alternative Sanction |
|---|

**Defendant Sentence\* (see Page 2)**
Imposed ■ ADC ☐ Jud. Tran. ☐ County Jail
_____72_____ months

Probation _____ months

SIS _____ months
Other ☐ Life ☐ LWOP ☐ Death

If probation or SIS accompanied by period of confinement, state time: _____ days or _____ months.

Sentence was enhanced _____ months, pursuant to

A.C.A. §§ _____.
Enhancement(s) to run: ☐ Concurrent ☐ Consecutive.
Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection
☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Info# (See page 2) ■ N/A [Multiple Victims ☐ Yes ☐ No] | Age | Sex ■ Male ☐ Female | Race & Ethnicity ☐ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|

**Defendant voluntarily, intelligently, and knowingly entered a**
■ negotiated plea of ☐ guilty or ■ nolo contendere.
☐ plea directly to the court of ☐ guilty or ☐ nolo contendere.

**Defendant:**
☐ was sentenced pursuant to ☐ §§16-93-301 et seq., or ☐ other §§
☐ entered a plea and was sentenced by a jury.
■ was found guilty by the court & sentenced by ■ court ☐ jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury.
☐ was found guilty of lesser included offense by ☐ court ☐ jury.

| Sentence is a Departure ☐ Yes ■ No | Sentence Departure is ☐ Durational or ☐ Dispositional. If durational, state how many months above/below the presumptive sentence: |
|---|---|

| Departure Reason (See page 2 for a list of reasons) Aggravating # _____ or Mitigating # _____. For Agg. #17 or Mit. #9, or if departing from guidelines, please explain: | Sentence will run: ☐ Consecutive Concurrent ☐ to Offense # _____ .or Case # _____ |
|---|---|

---

**Offense #: 3**

| A.C.A. # of Offense/ Name of Offense+ | 5-64-419(b)(5)(A)/Possession of Marijuana, a Sch VI CS, < 4 oz | | Case # CR-20-52 |
|---|---|---|---|

| A.C.A. # of Original Charged Offense | 5-64-419(b)(5)(A) | ATN HEM005819979 | Offense was ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted |
|---|---|---|---|
| | | Appeal from District Court ☐ Yes ■ No | Probation/SIS Revocation+ ☐ Yes ■ No |

| Offense Date 1/25/20 | Offense is ☐ Felony ■ Misd. ☐ Viol. | Offense Classification ☐ Y ■ A ☐ B ☐ C ☐ D ☐ U |
|---|---|---|

| Number of Counts: 1 | Criminal History Score 5 | Seriousness Level 0 | Defendant ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense |
|---|---|---|---|

| Presumptive Sentence ☐ Prison Sentence of _____ to _____ months ☐ Community Corrections Center ■ Alternative Sanction |
|---|

**Defendant Sentence\* (see Page 2)**
Imposed ☐ ADC ☐ Jud. Tran. ■ County Jail
_____Served_____ months

Probation _____ months

SIS _____ months
Other ☐ Life ☐ LWOP ☐ Death

If probation or SIS accompanied by period of confinement, state time: _____ days or _____ months.

Sentence was enhanced _____ months, pursuant to

A.C.A. §§ _____.
Enhancement(s) is to run: ☐ Concurrent ☐ Consecutive.
Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection
☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Info# (See page 2) ■ N/A [Multiple Victims ☐ Yes ☐ No] | Age | Sex ☐ Male ☐ Female | Race & Ethnicity ☐ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|

**Defendant voluntarily, intelligently, and knowingly entered a**
■ negotiated plea of ☐ guilty or ■ nolo contendere.
☐ plea directly to the court of ☐ guilty or ☐ nolo contendere.

**Defendant:**
☐ was sentenced pursuant to ☐ §§16-93-301 et seq., or ☐ other §§
☐ entered a plea and was sentenced by a jury.
■ was found guilty by the court & sentenced by ■ court ☐ jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury.
☐ was found guilty of lesser included offense by ☐ court ☐ jury.

| Sentence is a Departure ☐ Yes ■ No | Sentence Departure is ☐ Durational or ☐ Dispositional. If durational, state how many months above/below the presumptive sentence: |
|---|---|

| Departure Reason (See page 2 for a list of reasons) Aggravating # _____ or Mitigating # _____. For Agg. #17 or Mit. #9, or if departing from guidelines, please explain: _____ | Sentence will run: ☐ Consecutive Concurrent ☐ to Offense # _____ or Case # _____ |
|---|---|

Defendant's Full Name: Munn, Willie

**Special Conditions**

**Sex Offenses**

Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form and pay the Mandatory Sex Offender Fee of $250. ☐ Yes ■ No

Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903.
☐ Yes ■ No

Defendant is alleged to be a sexually dangerous person and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.
☐ Yes ■ No

Defendant, who has been adjudicated guilty of an offense requiring registration, has been adjudicated guilty of a prior sex offense under a separate case number. ☐ Yes ■ No
If yes, list prior case numbers:

**Domestic Violence Offenses**

Defendant has been adjudicated guilty of a domestic-violence related offense and must pay additional court costs of $25 under Act 583 of 2017. ☐ Yes ■ No

Defendant was originally charged with a domestic-violence related offense. ☐ Yes ■ No
If yes, state the A.C.A. # of the offense:

If yes to either question, identify the relationship of the victim to the Defendant by offense number.

**DNA Sample/Qualifying Offense**

Defendant has been adjudicated guilty of a qualifying offense or repeat offense (as defined in A.C.A. §12-12-1103). ■ Yes ☐ No

Defendant is ordered to have a DNA sample drawn at ☐ A.C.C. facility ☐ the A.D.C. or ■ other already on file. Assessment would create undue burden on defendant.

**Drug Crime**

Defendant has been convicted of a drug crime, as defined in §12-17-101. ■ Yes ☐ No

**Fines, Fees, Restitution**

| | |
|---|---|
| Court Costs | $ |
| Fines | $ |
| Booking/Admin Fees ($40) | $ |
| Drug Assessment Fee ($125) | $ |
| DNA Sample Fee ($250) | $ |
| Children's Advocacy Center Fund Fee | $ |
| Public Defender User Fee | $ |
| Public Defender Attorney Fee | $ |
| Other (explain) | $ |

Restitution $_____ Payable to [If multiple beneficiaries, give names and payment priority]_____

**Terms**

☐ Due Immediately

■ Installments of: Payment plan enforced by ACC as parole condition.

☐ Payments must be made within _____ days of release from A.D.C.

☐ Upon release from confinement, Defendant must return to court to establish payment of restitution

☐ Restitution is joint and several with co-defendant(s) who was found guilty – List name(s) and case number(s) _____

**Sentence Options**

Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act. ☐ Yes ■ No

The Court hereby orders a judicial transfer to the AR Division of Community Correction. ☐ Yes ■ No

Pursuant to the Community Punishment Act, the Defendant shall be eligible to have his/her records sealed ☐ Yes ■ No

**Extended Juvenile Jurisdiction Applied** ☐ Yes ■ No

| JAIL TIME CREDIT 150 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months: 72 ☐ Life ☐ LWOP | Death Penalty ☐ Yes ■ No | If Yes, State Execution Date: |
|---|---|---|---|

DEFENDANT IS ASSIGNED TO: ■ ADC ☐ ADC, Admin. Transfer Authorized ☐ CCC ☐ COUNTY JAIL ☐ PROBATION ☐ SIS

Conditions of disposition or probation are attached. ☐ Yes ■ No

A copy of the pre-sentence investigation on sentencing information is attached ☐ Yes ■ No ☐ Defendant has previously failed a drug court program.

A copy of the Prosecutor's Short Report is attached ☐ Yes ■ No

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS ■ Yes ☐ No    Appeal Bond $

The County Sheriff is hereby ordered to: ☐ transport the defendant to county jail ☐ take custody for referral to CCC ■ transport to ADC

Defendant shall report to ACC probation officer for report date to CCC ☐ Yes ■ No

**Signature**

Prosecuting Attorney/Deputy (Print Name): Ben Hale, Deputy

Signature: _____ Date: 11/15/2022

Circuit Judge (Print Name): Duncan Culpepper

Signature: _____ Date: 11-17-22

Additional Info: Upon release from ADC, Defendant shall meet with parole officer and establish a plan for the payment of his outstanding financial obligations. Said plan shall be monitored and enforced by his parole officer.

Defendant's Full Name: Munn, Willie

| Reasons for Departure | |
| --- | --- |
| (Please see complete list of departure criteria found at A.C.A. §16-90-804) | |
| **Aggravating** | **Mitigating** |
| 1. Offender's conduct manifested deliberate cruelty to the victim during commission of current offense. | 1. Victim played an aggressive role or provoked the incident or was a willing participant. |
| 2. Offender knew victim vulnerable due to extreme youth, advanced age, disability or ill health. | 2. Offender played a minor or passive role in commission of the offense. |
| 3. Offense was major economic offense established by one of the following criteria: (a) multiple victims/incidents, (b) monetary loss substantially greater than typical, (c) degree of sophistication or time, (d) misuse of fiduciary duty, or (e) other similar conduct. | 3. Offender compensated/made an effort to compensate for damage or injury before detection. |
| | 4. Offender was lesser participant showing caution/concern for safety or well-being of victim. |
| 4. Current Offense was major controlled substance offense if two or more of the following are present: (a) Three or more separate transactions involve sale, transfer or possession with purpose; (b) Amount substantially larger than the statutory minimums which define the offense; (c) Offense involved a high degree of planning or lengthy period or broad geographic area; (d) Offender occupied a high position in the drug distribution hierarchy; (e) Offender misused position of trust or status or fiduciary duty to facilitate commission; (f) Offender has received substantial income or resources from drug trafficking. | 5. Offender or offender's children acted in response to continuing physical/sexual abuse by victim. |
| | 6. Policy on multiple offenses in single course of conduct in offender's prior criminal history results in sentence which is excessive for the offense. |
| | 7. Offender voluntarily admitted sexual offense and sought and participated in treatment before detection. |
| | 8. Offender made effort to provide assistance in investigation or prosecution of another as indicated by motion of state (can weigh timeliness of assistance, nature and extent of assistance, and truthfulness, completeness, and demonstrable reliability of info or testimony). |
| 5. Current offense is a felony and the offender employed a firearm in furtherance or flight unless such use is element of offense. | |
| 6. Current offense was sexual offense and part of pattern with same or different victims under eighteen manifested by multiple incidents over a prolonged period of time. | 9. Other |
| 7. Policy on multiple offenses in a single course of conduct in offender's prior criminal history results in a sentence that is clearly too lenient. | |
| 8. Offense was committed in manner that exposed risk of injury to others. | |
| 9. Offense was a violent or sexual offense committed in victim's zone of privacy. | |
| 10. Offender attempted to cover or conceal the offense by intimidation of witnesses, tampering of evidence, or misleading authorities. | |
| 11. Offense committed to avoid arrest or effecting an escape from custody. | |
| 12. Offender lacks minimum insurance in a vehicular homicide. | |
| 13. Statutory minimum sentence overrides the presumptive sentence. | |
| 14. Multiple concurrent sentences being entered at this time require a higher sentence. | |
| 15. Sentence is higher as a result of other charges being dropped or merged. | |
| 16. Sentence is outside the presumptive range but is not a departure due to statutory override or because the offender/offense is ineligible for a Community Correction Center. | |
| 17. Other. | |

NOTE:

**\* Defendant Sentence.** "Imposed ADC" means incarceration in an Arkansas Division of Correction facility. "Imposed Judicial Transfer" means incarceration in an Arkansas Division of Community Correction Center. "Imposed County Jail" means incarceration in a county jail facility. Indicate in months the total time the Defendant was sentenced to a term of incarceration. DO NOT INCLUDE TIME FOR SIS.

**# Victim Info.** For more than one victim, please use the "Additional Victim Information" page to disclose additional victim demographics. If there is no victim, check not applicable.

**+ A.C.A. # of Offense/Name of Offense & Probation/SIS Revocation.** If an offender is being sentenced as a result of a revocation of probation or SIS, check the box indicating this is a "Probation/SIS Revocation", and enter the A.C.A. number and name of the offense for which the defendant was originally convicted. Do not enter the code provision for revocation or the cause of the revocation.

Case 4:24-cv-00174-JJV    Document 1    Filed 01/30/24    Page 48 of 70
Case: 4:23-cv-00126-LPR    Document #: 4-0    Filed: 03/29/2023    Page 3 of 6
Case: 4:23-cv-00126-LPR    Document #: 2-0    Filed: 02/13/2023    Page 11 of 25

**AR DOC**
**REPORT NO. OTCR118**

**ARKANSAS DEPARTMENT OF CORRECTION**
**TIME COMPUTATION CARD**

**PAGE:** 12 **of** 20
**PROCESSED:** 01/11/2023 08:13 AM
**REQUESTOR:** Kayla N McDaniel

| | | |
|---|---|---|
| **INMATE NAME:** Munn, Willie | | **ADC #:** 080042H |
| **LOCATION:** Varner Unit | **HOUSING:** BK010003 **CLASS:** II | **OF:** 12/16/2022 |

You have been committed to the ADC to serve the following sentences. The release dates listed below are only a projection and include all good time which can be earned based on your current class. If all projected good time is not earned, these release dates will change.

| CMT. | OFFENSE | FEL CLS | DOCKET NUMBER | COUNTY NAME | TOTAL SENTENCE YY/MM/DD | | PE/TE | JAIL TIME |
|---|---|---|---|---|---|---|---|---|
| AK-001 | Burglary - Residential Probation Revocation | B | CR-2020-243 | Hempstead | 0y 120m 0d | IN | No GT* | 130 |
| AK-002 | Poss Cont Sub Sched I,II Meth Cocaine < 2g Probation Revocation | D | CR-2020-52 | Hempstead | 0y 72m 0d | CC | 1/3* | 150 |
| AK-003 | Poss Drug Paraphernalia Meth Cocaine Probation Revocation | D | CR-2020-52 | Hempstead | 0y 72m 0d | CC | 1/3* | 150 |

**TOTAL SENTENCE LENGTH** 10y 0m 0d

| | | |
|---|---|---|
| **RELEASE DATES:** | **TRANSFER ELIGIBILITY DATE:** | 06/18/2032 ✓ |
| | **DISCHARGE DATE:** | 06/18/2032 ✓ |

*[Handwritten:]* They wont To Enfirce 10 Years day for day
I am 67, mom 89, dad 92

My Sentening order say 120 month's
My Computation Time card say 120 IN
Chang when A.D.C. Got It; which was Not
my understanding when They Gave It To
me 3 Year Ago And suspended at A No Low
No Lo Contender Hearing? If fact If It was
Under 100% I Could Not Be Suspended ANY way
The sentence was Illegal on It face
I am Actual Innocent of The Burgbary
The victim Testify That I did Not Burglaize Her Home
They said The New That Game me 10 Years ANY way

# LASSITER & CASSINELLI

### ATTORNEYS AT LAW

ERIN CASSINELLI
MANAGING PARTNER

MICHAEL KAISER
PARTNER

JACK T. LASSITER
OF COUNSEL

ROBERT HODGE
OF COUNSEL

ASSOCIATE ATTORNEYS
MEGAN WILSON LOWMAN
KATY JONES
BARRETT SMITH

December 4, 2023

Willie Munn #080042
P.O. Box 600
Grady, AR 71644-0600

**RE: Response to your letter dated received today**

Mr. Munn,

I just do not know what to tell you. Your residential burglary conviction is accurately listed as having to serve 100% because Act 683 does not apply to you. I could not locate a plea statement regarding the revocations in 29CR-20-40 or 20-52, but that does not mean there was no plea on the record in open court. I am happy to request a transcript of that plea date for you, but it will likely cost a few hundred dollars. I would ask for $250 that I would keep in trust to then pay for this for you, and return the rest. If there truly was not a plea or finding of guilt on record, then we would file a petition for writ of error coram nobis. I would charge $7.5k to draft and file such a petition on your behalf, and would request an additional $2.5k if a hearing is ordered on the petition.

Best,
**LASSITER & CASSINELLI**

Michael Kiel Kaiser

**Stricken language would be deleted from and underlined language would be added to present law.**

| | |
|---|---|
| 1 | State of Arkansas |
| 2 | 94th General Assembly |
| 3 | Regular Session, 2023 |

# A Bill

SENATE BILL 366

4

5  By: Senator J. Bryant

6

## For An Act To Be Entitled

8  AN ACT AMENDING THE LAW CONCERNING VIOLENT FELONY
9  OFFENSES FOR PURPOSES OF PAROLE; TO CLARIFY THAT
10  RESIDENTIAL BURGLARY IS CONSIDERED A VIOLENT FELONY
11  FOR OFFENSES COMMITTED ON OR AFTER APRIL 1, 2015; AND
12  FOR OTHER PURPOSES.

13

14

## Subtitle

16  AMENDING THE LAW CONCERNING VIOLENT
17  FELONY OFFENSES FOR PURPOSES OF PAROLE;
18  AND TO CLARIFY THAT RESIDENTIAL BURGLARY
19  IS CONSIDERED A VIOLENT FELONY FOR
20  OFFENSES COMMITTED ON OR AFTER APRIL 1,
21  2015.

22

23

24  BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

25

26  SECTION 1.  DO NOT CODIFY.  Legislative findings and intent.
27  (a)  The General Assembly finds that § 16-93-609 is a parole
28  eligibility statute and not a sentencing statute.
29  (b)  It is the intent of the General Assembly that this act apply
30  solely to the recalculation of parole eligibility for the affected persons
31  and not create a right to a resentencing proceeding, a new trial, other
32  remedy, or cause of action that did not exist before the effective date of
33  this act.

34

35  SECTION 2.  Arkansas Code § 16-93-609(b), concerning the effect of more
36  than one conviction of certain felonies, is amended to read as follows:

SB366

1    (b)(1)  Any person who commits a violent felony offense or any felony
2    sex offense subsequent to August 13, 2001, and who has previously been found
3    guilty of or pleaded guilty or nolo contendere to any violent felony offense
4    or any felony sex offense shall not be eligible for release on parole by the
5    board.
6        (2)(A)  As used in this subsection, "a violent felony offense or
7    any felony offense" means those offenses listed in § 5-4-501(d)(2).
8            (B)  Unless the sentencing order expressly designates that
9    the defendant was sentenced under this section, "a violent felony offense or
10   any felony sex offense" does not include residential burglary, § 5-39-201,
11   committed before April 1, 2015, unless the defendant was sentenced on or
12   after May 24, 2022.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36

3/6/2023 11:09:08 AM JLC075

August 1, 2023

Willie Munn ADC #80042
P.O. Box 600
Grady, AR 71644

**RE:    Request**

Dear Mr. Munn:

I have received your request for copies of laboratory results. However, I am not able to locate a toxicology report. I have included the report from the testing of the drugs that were submitted. In order for us to search for the additional results more information such as the Arkansas State Crime Lab number or the dates of the offences will need to be provided.

Sincerely,

X _Isabel S. Higgins-Threats_

Isabel S. Higgins-Threats
ME Office Manager

This is What They Said I Had: I
Entered A Chemical Dependency unit
Discharge 8-31-2020; Then was Immunity
From Prosecuting; § 20-13-1704 Drug
Overdose, That How I Ran Next Door
For Help me And my Girl Friend
And you sent me To prison For Ten
Years Day For Day, When you Suspended
The Same Sentence Three 3 Year Ago.
Double Jeopardy Cruelty And unusually
Punishment, Prejudious It was dismiss
ON-1-9-23 Any way, WhY Am In Prison



# Arkansas State Crime Laboratory
3 Natural Resources Drive
Little Rock, Arkansas 72205

**Drugs**

**Report of Laboratory Analysis**



**Investigating Officer/Agency/Address:**
Jimmy Courtney
Hope Police Department
4th & Washington
Box 1346
Hope, AR 71802

**Laboratory Case Number:**
2022-011693

**Agency Case Number:**
2022-0682

**Suspect(s):**
Willie  Munn

**Victim(s):**

*I do hereby attest and confirm, as specified by A.C.A § 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.*

| ITEMS | EVIDENCE DESCRIPTION |
|---|---|
| EV1 | white rock-like substance |

       *Net weight:* 0.1540 gram(s) ± 0.0020 gram(s)

       Test Result(s): cocaine (C-II)

*All reported measurement uncertainties define an interval having a level of confidence of at least 95%.*

**Ashley N Focke, Forensic Chemist II**

*Reporting Analyst*
*Ashley.Focke@crimelab.arkansas.gov*

**Christy Williford, Senior Forensic Chemist**

*Technical Reviewer*

2656

**Chemical Dependency Unit     AFTERCARE PLAN     Ouachita County Medical Center**

NAME _Willie Munn_    AGE _66_    MARITAL STATUS _____

ADDRESS _114 Hempstead Rd 58_    CITY, STATE, ZIP _Ozan AR 71855_  Phone # _870-983-3020_

PRIMARY TREATMENT _Detox and Outpatient_    DIAGNOSIS _Alcohol and Cocaine Dependence_

PERSONS INVOLVED IN PLAN _Patient, Family and Treatment Team._

CLIENT IS BEING PREFERRED TO _Southwest Arkansas Counseling & Mental Health Center_

ADDRESS _300 E 27th St. Hope Arkansas 71901_    PHONE # _870-777-9051_

CONTACT _Mark Vaughn_    TIME OF APPT. _Sept 9 4:00 PM_ DATE: _Sept. 6, 2022_

A.A. CONTACT _Raymond S._    PHONE _870-833-3469_

The following was individualized with the patient and includes their strengths, needs, abilities, and preferences.

**PROBLEMS AND GOALS THAT I AGREE DEMAND MY ATTENTION AND EFFORT ARE:**

1) _Sobriety_                    (6) _Primary Care Physican_

2) _Aftercare_

3) _Sponsor_

4) _legal_

5) _Coping Skills_

**PLAN FOR ATTAINMENT OF GOALS AND RESOLUTION OF PROBLEMS:**

1) _Attend 90 meetings in 90 days with 3-5 meetings per week for 1 year after_

2) _Attend Aftercare at COV on Tuesdays at 6:00 p.m. for 1 year._

3) _Obtain and utilize sponsor daily within 2 weeks of discharge._

4) _Follow up with legal obligations_

5) _Practice skills daily_

CRITERIA FOR TERMIATION OF AFTERCARE: _Completion or Non compliance._

_(6) Dr. Boins Family Medicine Specialist, 2001 S. main St. Hope, AR 71901, 9-7-2022, 9:_

DISCHARGE DATE: _8-31-2022_    TYPE OF DISCHARGED _WSA_

CLIENT'S SIGNATURE: _Willie Munn_

COUNSELOR'S SIGNATURE _Jan Williams, BSW_

FORM #894   3/87    Revised 2/2018

§ 20-13-1704. Drug overdose--Immunity for seeking medical assistance
AR ST § 20-13-1704    West's Arkansas Code Annotated    Title 20. Public Health and Welfare    Effective: July 22, 2015    *(Approx. 2 pages)*

West's Arkansas Code Annotated
Title 20. Public Health and Welfare (Refs & Annos)
Subtitle 2. Health and Safety (Chapters 6 to 44)
Chapter 13. Emergency Medical Services
Subchapter 17. Joshua Ashley-Pauley Act

Effective: July 22, 2015

A.C.A. § 20-13-1704

## § 20-13-1704. Drug overdose--Immunity for seeking medical assistance

Currentness

(a) A person shall not be arrested, charged, or prosecuted for possession of a controlled substance in violation of § 5-64-419 if the evidence for the arrest, charge, or prosecution of the possession of a controlled substance in violation of § 5-64-419 resulted solely from seeking medical assistance if:

(1) The person in good faith seeks medical assistance for another person who is experiencing a drug overdose; or

(2) The person is experiencing a drug overdose and in good faith seeks medical assistance for himself or herself.

(b) A person shall not be subject to penalties for a violation of a permanent or temporary protective order or restraining order or sanctions for a violation of a condition of pretrial release, condition of probation, or condition of parole based on the possession of a controlled substance in violation of § 5-64-419 if the penalties or sanctions are related to the seeking of medical assistance.

**Credits**
Acts of 2015, Act 1114, § 1, eff. July 22, 2015.

**Editors' Notes**

### HISTORICAL AND STATUTORY NOTES

#### Arkansas Code Revision Commission

Technical changes were made in 2015 to conform with the official Arkansas Code of 1987 as approved by the Arkansas Code Revision Commission.

A.C.A § 20-13-1704, AR ST § 20-13-1704
The constitution and statutes are current through the 2022 Third Extraordinary Session of the 93rd Arkansas General Assembly. Some statute sections may be more current; see credits for details. Also included are changes made by the Arkansas Code Revision Commission received through October 25, 2022.

End of                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.
Document

Thomson Reuters is not providing legal advice.

# Arkansas Division of Correction
# Certificate of Completion

*is hereby granted to:*

## Willie Munn ADC #080042

## Substance Abuse Education

*Granted: February 23, 2023*



_____
**A. Pierce**

*Rehab Facility Supervisor*
*Mental Health Services – Varner/VSM*

# CR-23-563

STATE OF ARKANSAS )
COUNTY OF *Lincoln* )§

Willie Munn
CR-23-563



FILED
DEC 18 2023
KYLE E. BURTON
CLERK

**AFFIDAVIT**

I, *Willie Munn*, after first being duly sworn, do hereby swear, depose and

state that:

The Defendant Request A ORDER.
From The Arkansas court of Appeal
And From The Arkansas Supreme Court.
The Court Has Hell That The Court cannot
Nenied A petition without Given An
Reasons or Giving A opinion As To
Why The Relief Ask For was Nenied.
see Sanders Vs State 352 ArK 16, 98 SW 3d
2003, Beverage Vs State 2015, ArK 112,
458 SW 3d 242, 37-3-(C) Barrow VS
State 2012 ArK 179 2012 WL 1631806.
Defendant was Given A 10 Year Suspended Sentence
For Burglary, That He Actual Innounce Of It was,
Revoked After He served There Years sent To Prison
And place under 16-93-609 100% That was Not original Impose
4, 5, 6, 8, d 14th Amend, End of Statement *Violation,*

I further swear that the statements, matters and things contained herein are true and accurate to the

best of my knowledge, information and belief. Was Not Original Impose

12-9-23
DATE

Willie Munn
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 9th day of
December , 20 23.

Lakesha Suber
NOTARY PUBLIC
7-19-2027

My Commission Expires:

C. G. Willie Munn
Notary Book.

LAKESHA SUBER
NOTARY PUBLIC-STATE OF ARKANSAS
REW COUNTY
My mission Expires 07-19-2027
Commission # 12702183

**Office of the**
**CRIMINAL JUSTICE COORDINATOR**
**SUPREME COURT OF THE STATE OF ARKANSAS**

**Criminal Justice Coordinator**
**Phone (501) 682-1637**

**Justice Building, Suite 1300**
**625 Marshall Street**
**Little Rock,  Arkansas  72201**

December 18, 2023

Mr. Willie Munn
ADC No. 080042
Varner Unit
P.O. Box 600
Grady, AR 71644-0600

Re:     *Willie Munn v. State*, **CR-23-563**, pro se motion for belated appeal of sentencing order
           entered November 23, 2022 (amended sentencing order entered December 20, 2022),
           revocation of probation [Hempstead County Circuit Court 29CR-20-243]--motion for
           belated appeal denied by Arkansas Court of Appeals September 6, 2023; petition for
           review denied by Arkansas Supreme Court November 16, 2023

Dear Mr. Munn:

This will acknowledge receipt of your motion asking that the Arkansas Court of Appeals and the
Arkansas Supreme Court each issue an order or opinion explaining the reason for denying,
respectively, the motion for belated appeal and the petition for review in the above-referenced
matter.    The motion has been filed in each court.    You will be advised of any action taken by
the courts regarding it.    If you have a change of address, including a change in place of
incarceration, please notify this office promptly.

Cordially,
Office of the Criminal Justice Coordinator

cc       Clerk of the Arkansas Supreme Court and Arkansas Court of Appeals

San:Mmd

**Office of the**
**CRIMINAL JUSTICE COORDINATOR**
**SUPREME COURT OF THE STATE OF ARKANSAS**

**Criminal Justice Coordinator**
**Phone (501) 682-1637**

**Justice Building, Suite 1300**
**625 Marshall Street**
**Little Rock, Arkansas 72201**

December 18, 2023

Mr. Willie Munn
ADC No. 080042
Varner Unit
P.O. Box 600
Grady, AR 71644-0600

Re:    *Willie Munn v. State*, Hempstead County Circuit Court, 29CR-20-243

Dear Mr. Munn:

This will acknowledge receipt of your pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the above-referenced case.    The petition is being returned to you because such petitions are filed directly in the Arkansas Supreme Court only if the judgment (sentencing order) was affirmed on appeal.    In 29CR-20-243, there was no direct appeal of the judgment itself.    Any coram nobis petition you wish to file can be filed with the Circuit Clerk of Hempstead County without permission from the Supreme Court.

Cordially,
Office of the Criminal Justice Coordinator

cc      Circuit Clerk of Hempstead County

San:Mmd

**Williams v. State**
Court of Appeals of Arkansas, DIVISIONS I and II.     June 6, 2018     2018 Ark. App. 349     553 S.W.3d 753     *(Approx. 9 pages)*

2018 Ark. App. 349
Court of Appeals of Arkansas,
DIVISIONS I and II.

Frederick Allan WILLIAMS, Appellant

v.

STATE of Arkansas, Appellee

No. CR–17–446
Opinion Delivered June 6, 2018

### Synopsis

**Background:** Defendant was convicted in a bench trial in the Circuit Court, Pulaski County, First Division, No. 60CR-15-3677, Leon Johnson, J., of residential burglary and, as a result, the court also revoked his suspended imposition of sentence (SIS) in two other cases. Defendant appealed.

**Holdings:** The Court of Appeals, Brandon J. Harrison, J., held that:

1 evidence was insufficient to support conviction for residential burglary, and

2 evidence was insufficient to support revocation of SIS.

**Reversed and dismissed in part; reversed and remanded in part.**

Larry D. Vaught, J., filed an opinion concurring in part and dissenting in part.

### West Headnotes (8)

Change View

1   **Criminal Law**        Substantial evidence
    **Criminal Law**        Circumstantial evidence
    In reviewing a challenge to the sufficiency of the evidence, the appellate court determines whether the verdict is supported by substantial evidence, direct or circumstantial. Ark. R. Crim. P. 33.1.

2   **Criminal Law**        Substantial evidence
    "Substantial evidence," when reviewing a challenge to the sufficiency of the evidence, is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. Ark. R. Crim. P. 33.1.

3   **Burglary**        Intent
    **Burglary**        Intent
    The offense intended must be identified and is an element of the charge of burglary. Ark. Code Ann. § 5-39-201(a)(1).

    1 Case that cites this headnote

4   **Burglary**        Intent
    Evidence that defendant threatened victims and that he was in their home uninvited was insufficient to support a finding that defendant entered residence with the purpose of committing theft of property within the residence, as element of residential burglary. Ark. Code Ann. § 5-39-201(a)(1).

**5**  **Criminal Law**  Jurisdiction and proceedings for review; preservation of error

Defendant preserved for appeal his argument that State's amendment to count meant that State, in order to prove lesser-included offense of residential burglary, had to prove defendant unlawfully entered residence with intent to commit theft of property, where defendant raised argument after trial court made its oral pronouncement but before any judgment was entered, defendant filed written motion, State responded to merits of motion, and court held hearing before denying motion and later entering written judgment.

**6**  **Sentencing and Punishment**  Violation of probation condition
**Sentencing and Punishment**  Degree of proof

To revoke probation or a suspended imposition of sentence (SIS), the State must prove the violation of at least one condition of the probation or SIS by a preponderance of the evidence. Ark. Code Ann. § 16-93-308(d).

**7**  **Criminal Law**  Sentencing

On appellate review, the circuit court's findings on revocation of probation or suspended imposition of sentence (SIS) will be upheld unless they are clearly against the preponderance of the evidence. Ark. Code Ann. § 16-93-308(d).

**8**  **Sentencing and Punishment**  Sufficiency

Evidence was insufficient to support revocation of suspended imposition of sentence (SIS) for drug offenses based on defendant's purported commission of new offense of residential burglary, where trial court made no oral or written findings during criminal or revocation portion of trial that defendant committed residential burglary with intent to commit theft, but only found that defendant committed a crime with which he was not charged. Ark. Code Ann. §§ 5-39-201(a)(1), 16-93-308(d).

**\*\*754** APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NOS. 60CR–15–3677, 60CR–10–3907, and 60CR–13–1218]; HONORABLE LEON JOHNSON, JUDGE

**Attorneys and Law Firms**

William R. Simpson, Jr., Public Defender, Llewellyn J. Marczuk, Deputy Public Defender, by: Andrew Thornton, Deputy Public Defender, for appellant.

Leslie Rutledge, Att'y Gen., by: Jason Michael Johnson, Ass't Att'y Gen., for appellee.

**Opinion**

BRANDON J. HARRISON, Judge

**\*1** Frederick Allan Williams appeals his conviction for residential burglary and the revocation of his suspended imposition of sentence (SIS) in two other cases based on the commission of the residential burglary. He also asserts that the circuit court committed errors in sentencing. We reverse his conviction. We also reverse the revocation of his SIS and remand for further proceedings.

*I. Facts*

In case number CR–10–3907, Williams pled guilty to possession of cocaine with intent to deliver and possession of marijuana and was sentenced to five years' probation. In November 2012, the State petitioned to revoke Williams's probation because he had failed to make monthly visits to his probation officer and failed to pay fines and court costs. Williams again pled guilty and was sentenced to six years' probation. In August 2013, the **\*2** State again petitioned to revoke Williams's probation because he had failed to comply with court-ordered drug treatment and failed to pay fines and court costs. Again, Williams pled guilty and was sentenced to three years' SIS.

In case number CR–13–1218, Williams pled guilty to possession of cocaine, possession of drug paraphernalia, and possession of marijuana with intent to deliver and was sentenced to an aggregate term of eighteen months' imprisonment with three years' SIS.

In November 2015, Williams was charged with aggravated residential burglary, aggravated robbery, theft of property, and possession of firearms by certain persons (CR–15–3677). Regarding the aggravated residential burglary, the State alleged that Williams, while armed with a handgun, had unlawfully entered the home of James Lawrence "with the purpose of committing therein any offense punishable by imprisonment." The State also asserted that Williams was a habitual offender and that a firearm-sentencing enhancement should be applied. Also in November 2015, the State petitioned to revoke Williams's SIS in CR–10–3907 and CR–13–1218 based specifically on the commission of these new offenses.

At a pretrial hearing in August 2016, Williams moved to dismiss the charge of aggravated residential burglary because it was insufficiently drafted. In response, the State moved to "orally amend that the Defendant committed the aggravated residential burglary with the purpose of committing **755 theft of property there within the residence." 

The circuit court convened a bench trial in October 2016. James Lawrence testified that on 10 September 2015, he was at home with his wife when a man knocked on their front door and asked for some water. Lawrence filled the water jug, returned to the front *3 door, and gave the jug to the man; at that point, the man pulled out a gun, and the two men started fighting. Lawrence's wife, Courtney, joined in the fight, kicking the man. The man eventually ran away, and Lawrence and his wife went back into the house. They found a man whom Lawrence identified as Williams in their bedroom; Lawrence had grown up with Williams and dated his sister. Lawrence said that Williams pointed a gun at him and said, "I'll kill everybody in here." Lawrence also said that after Williams had left, he noticed that $300 was missing from his dresser.

Courtney Lawrence also testified that on 10 September 2015, a man came to the door, asked for some water, and later pulled a gun and started fighting with her husband on the front porch. She said that she went outside to help her husband and that the man ran away. She then went back into the house and found Williams in her bedroom, and Williams threatened her and her husband with a gun. She also said that Williams took $300 from the dresser, but she admitted that she did not see him take it.

Gary Jones, a detective with the North Little Rock Police Department, testified that Courtney and James identified Williams as a suspect and identified Williams in a photographic lineup. Based on this identification, a warrant was prepared for Williams's arrest, and he was arrested and brought in for questioning on 2 October 2015. The State then played an audio recording of Jones's interview with Williams; in that interview, Williams said that he had given Lawrence $3000 to buy marijuana and that because he never received the marijuana, he had gone to Lawrence's house to get his money back. According to Williams, he did not have a gun, and Lawrence gave him $3000 willingly. Williams *4 claimed to have no knowledge of the fight that had taken place at the front door just before his arrival.

After the State rested, Williams moved to dismiss the charge of aggravated residential burglary:

> [T]he State has alleged in the felon[y] information that Mr. Williams did enter or remain in the residential occupiable structure of James Lawrence with the purpose of committing therein a theft while armed with a deadly weapon. ... [I]t is not allowable under the Rules of Evidence to draw one inference from another or to indulge presumption upon presumption to establish a fact. ... No one saw Mr. Williams take any money. No one saw Mr. Williams commit a theft. That must be the underlying charge with the State agreeing they cannot further amend to conform proof. ... They failed, even at the State's best light, to prove that there's a theft.

Williams also moved to dismiss the charges of aggravated robbery, theft of property, and possession of a firearm by certain persons. The court dismissed the charge of

possession of a firearm by certain persons; on the charge of aggravated residential burglary, the court stated,

> [O]ne of the things on Count 1 that, sure, we don't have anybody—neither one of the victims testified that they saw him take the money. Neither one. And [defense counsel] asked you more than once, is that what you're proceeding on. And you said yes before he got started.
>
> Now I can jump with all this other stuff that, yeah, he went in the house. I **756** believe he went into the house. And he just didn't go in there just to say I showed up with someone. ... And I don't know where I'm going with it at this time, so I'm not sure that I'm right, that I'm going to grant your motion because I'm making a jump here. The problem is, I think he went in with a gun. I just—because they both said they saw it. I think he went in.
>
> Now, I'm having problems with I, II, and III because I'm not sure if there's a theft, but there's a problem. He said he went—came out with $3,000. Now, there's an issue of whether or not he took it from them by force or they just gave it to him.
>
> *5 So therefore, I believe, just based on that, his own testimony from them—from what we just heard as part of the State's case, gave the Court some cause and some concern to shift it back. So based on that, I won't grant your motion for Directed Verdict at this time or to dismiss it based on their case.

After verifying that the court was denying the dismissal of counts I, II, and III, defense counsel stated, "I do think that Count No. 1 asked the Court to consider the lesser included offense of Burglary and for Count No. 2, the lesser included offense of Robbery." The State responded that it did not object to including the lesser offenses, but it believed it had met its burden "for the charges that were made." The court confirmed its denial of the motion for dismissal.

The defense's only witness was Whitney Lewis, Williams's sister, who identified the man who approached the Lawrences' house as her husband's brother, whom she called "Little Joe Cool." According to Lewis, Little Joe and James Lawrence knew each other. After the defense rested, Williams renewed his motion to dismiss:

> I'd like to renew all arguments that I made previously. I believe the State has failed and at this time it is not in the light most favorable to the State to show that this man, Frederick Williams, feloniously entered or remained, number one element they failed. Purposely to commit a theft, number—second element, they failed. Armed with a deadly weapon, third element they failed.

Williams also moved to dismiss the charges of aggravated robbery and theft of property, as well as the "alternative lessers, if the Court believed that there was a burglary or robbery. We're asking the Court to dismiss the charges." The court ruled as follows:

> I let it go forward because I wanted to listen to see what was—I didn't know what [defense counsel] was going to put on. And he filed a motion to dismiss, but—and I stretched that I and II could maybe—and I didn't presume and do anything because I know those are not good words based on your case that you're going to do. And I know if you appeal then you'll use that, that it's not a presumption and use that to try to see where we were.
>
> *6 Nobody said that there was a theft. So now, does that mean we have an Aggravated Residential Burglary? I can't get that stretched. It requires that you prove that. There was no proof of that. However, he didn't have the right to be in the house, so I'll give you residential burglary. I won't give you aggravated—so I won't give you just total dismissal because I think that if you look at it, he went in there with the purpose of committing an offense punishable by imprisonment. And he was not invited. I think even looking at it, he went in there. Now, he did commit something because he threatened to kill them. **757** That's—that's what he was—that's what the testimony was.

The court granted the motion to dismiss as to aggravated residential burglary but found Williams guilty of the lesser-included offense of residential burglary. The court found Williams not guilty of aggravated robbery and theft of property. Williams's SIS in CR–10–3907 and CR–13–1218 was also revoked based on the commission of the residential burglary.

In November 2016, Williams filed a motion to reconsider both his conviction and the revocations. He asserted that the State had failed to prove beyond a reasonable doubt one of the elements of the offense. Specifically, Williams argued that the State failed to prove that he had entered the residence with the intent to commit theft of property. He also argued that his acquittal on the theft-of-property charge, as well as its lesser-included offense of attempted theft, was incompatible with his conviction for residential burglary. He argued that it would violate due process to let the contradictory verdicts stand. Finally, Williams said that because the revocations were based on his conviction for residential burglary, the revocations must also be reversed.

The State responded that its amendment to count I to reflect theft of property as the intended crime did not apply to the lesser-included offense of residential burglary and that the court's finding that Williams entered the residence with the intent to threaten Courtney *7 and James fulfilled the requirements of residential burglary. The State also argued that inconsistent verdicts are allowed in bench trials.

The court held a hearing on Williams's motion in January 2017. After hearing arguments from counsel, the court denied the motion to reconsider and sentenced Williams to fifteen years' imprisonment with five years' SIS in all three cases—CR–15–3677, CR–10–3907, and CR–13–1218. Williams appealed.

## II. Sufficiency of the Evidence

1    2    A motion to dismiss during a bench trial is a challenge to the sufficiency of the evidence. See Ark. R. Crim. P. 33.1 (2017). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. Foster v. State, 2015 Ark. App. 412, 467 S.W.3d 176. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. Id. We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. Id.

3    A person commits residential burglary if he or she enters, or remains unlawfully inside, a residential occupiable structure of another person with the purpose of committing (inside the structure) any offense punishable by imprisonment. See Ark. Code Ann. § 5–39–201(a)(1) (Repl. 2013). The offense intended must be identified and is an element of the charge of burglary. Oliver v. State, 286 Ark. 198, 691 S.W.2d 842 (1985).

4    On appeal, Williams argues that the State's amendment to count I meant that to prove the lesser-included offense of residential burglary, the State had to prove that he unlawfully entered the Lawrence residence with the intent to commit theft of property. *8 Therefore, he says, the circuit court erred when it found Williams guilty of residential burglary based on an intent to commit some other offense punishable by imprisonment.

5    The State contends that substantial evidence supports Williams's conviction for residential burglary because it introduced **758 sufficient evidence that Williams unlawfully entered the residence to obtain money from the victims. [1] The State also claims that the circuit court stated that it believed Williams had entered the victims' home "with the intent to—with purpose of committing a theft," meaning the evidence supports a finding that Williams entered the house with the intent to steal property.

The State's argument is unpersuasive. According to the felony information and the State's amendment to it, to find Williams guilty of residential burglary the court had to find that he (1) entered or remained unlawfully in a residential occupiable structure of another person (2) with the purpose of committing theft of property within the residence. But the court did not make the second required finding—instead, it found that "he went in there with the purpose of committing an offense punishable by imprisonment. And he was not invited. I think even looking at it, he went in there. Now, he did commit something because he threatened to kill them." These statements can possibly be interpreted as a finding that Williams entered the residence with the intent to threaten the victims, but it is not a finding that he entered the residence with the intent to commit theft of property. *9 Because the

State failed to prove all elements of the offense for which Williams was actually charged with committing, we must reverse and dismiss Williams's conviction for residential burglary.

We also briefly address the State's contention that the court stated that it "believed" that Williams had entered the victims' residence with the intent to commit theft. The State is referring to a discussion that took place during the hearing on the motion to reconsider:

COURT: Well, and I think that he came in with a purpose.

COUNSEL: The purpose to commit the theft of $300?

COURT: Okay. With the intent, right?

COUNSEL: With the purpose to commit the theft of $300?

COURT: With the intent to—with the purpose of committing—committing a theft, so the fact that he did not complete the theft, you're saying there was no intent?

COUNSEL: No. That's not what I'm saying.

We do not interpret this exchange as a finding by the court that Williams entered the residence with the intent to commit theft. It was merely part of an ongoing discussion between court and counsel.

### III. Revocation

**6    7**    To revoke probation or an SIS, the State must prove the violation of at least one condition of the probation or SIS by a preponderance of the evidence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). A circuit court may revoke an SIS if it finds, by a preponderance of the evidence, that the defendant inexcusably failed to comply with a single condition of his or her suspension. *See* Ark. Code Ann. § 16–93–308(d) (Repl. 2016). On *10 appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Nelson v. State*, 2010 Ark. App. 549, 2010 WL 2612672.

**8    **759** Williams argues that because the SIS revocations were based on his residential-burglary conviction, the revocations must also be reversed. He asks that we reverse and remand with instructions to reinstate his suspended sentences. The State responds that his revocations should be affirmed because substantial evidence supported his conviction for residential burglary with the intent to commit theft of property.

We agree with Williams that the revocations must be reversed. The only grounds alleged in the revocation petition were that Williams had committed aggravated residential burglary, aggravated robbery, theft of property, and possession of firearms by certain persons. The circuit court dismissed the possession-of-firearms charge. Williams was acquitted on the charges of aggravated robbery and theft of property. So the only basis to support the revocations, given how the State pleaded its petition, was a finding by the circuit court that Williams had committed residential burglary with the intent to commit theft. We have already held that the circuit court did not make such a finding in the criminal portion of the trial. Because the circuit court made no oral or written findings that Williams entered the house with the intent to commit a theft inside during the revocation portion of the hearing, we have no reason to believe that the circuit court had corrected its earlier error and found that Williams had committed the crime charged. Whether using the reasonable-doubt standard or the preponderance standard, the pivotal point is that the circuit court found that Williams committed a crime with which he was not charged; and that mistake was then used to support the revocations. We reverse the revocations and remand for further *11 proceedings consistent with our opinion. Because we reverse the revocations, we need not address Williams's argument that the circuit court committed sentencing errors in both CR–10–3907 and CR–13–1218.

Reversed and dismissed in part; reversed and remanded in part.

Gruber, C.J., and Abramson, Virden, and Whiteaker, JJ., agree.

Vaught, J., dissents.

Larry D. Vaught, Judge, concurring in part and dissenting in part.

I agree with the original panel that we must reverse Williams's residential-burglary conviction because it appears that the circuit court made a legal error by impermissibly considering evidence of an underlying intent with which Williams was never charged. We differ on whether reversal of Williams's residential-burglary conviction requires us to also reverse the court's subsequent revocations of Williams's SIS based on his commission of that new offense. I contend that it does not and dissent from the majority's decision to reverse the revocations. Absent a clearly defined legal basis for reversal, we simply do not have the authority to overturn a circuit court's order when it is supported by sufficient evidence.

In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131, 2014 WL 668205; Ark. Code Ann. § 16–93–308(d) (Supp. 2015). We have held numerous times that, "[b]ecause the burdens of proof are different, evidence that may not be sufficient to convict can be sufficient to revoke." *Payne v. State*, 2017 Ark. App. 265, at 2, 520 S.W.3d 699, 701; **\*12 \*\*760** *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). This court will not reverse the circuit court's decision to revoke a suspended sentence unless it is clearly against the preponderance of the evidence. *Henderson v. State*, 2017 Ark. App. 486, at 2, 2017 WL 4274648.

Revocations based on the commission of a new offense have never depended on the defendant having been convicted or even charged with that new crime. For example, in *Turner v. State*, 2017 Ark. App. 682, at 4, 537 S.W.3d 299, 301, we affirmed the revocation of Turner's probation based on a new charge of first-degree battery. At the time of revocation, Turner had not yet been convicted of battery, but we found the evidence sufficient to support revocation because, unlike in the context of a criminal trial, "the State must prove its case only by a preponderance of the evidence—more likely than not that the crime occurred." *Turner*, 2017 Ark. App. 682 at 4, 537 S.W.3d at 301. Conviction is not a prerequisite for revocation, and I reject the premise that reversal of Williams's residential-burglary conviction automatically requires us to reverse the revocations as well. These are separate cases with differing legal standards and should be evaluated independently.

I also note that it is inaccurate to frame Williams's SIS revocations as having been based on his residential-burglary *conviction*. The revocations of Williams's SIS were based on his commission of the new offense of residential burglary, the testimony and evidence of which the circuit court took into consideration during the revocation proceedings. The court also heard additional testimony from Williams's probation officer and counsels' arguments as to revocation. Were this a case in which the only evidence of Williams's new offense was a certified copy of the official record of conviction, reversal of the conviction would likely mandate reversal of the revocations as well. In this case, however, it is clear that the circuit **\*13** court carefully considered the substantive evidence presented against Williams, including his victims' testimony and his own video-taped interview, and went so far as to comment during the revocation proceedings on specific pieces of testimony and evidence. Clearly, the revocations did not hinge solely on William's residential-burglary *conviction*, but instead rested on the wealth of evidence proving that he had committed that new offense.

In that context, pursuant to our well-established standard of review, our task is to decide whether the evidence presented against Williams is sufficient to support the revocation orders. The evidence against Williams was overwhelming: the Lawrences, who knew Williams, testified that after being physically assaulted on their porch by an unknown man, they came into their home to find Williams, who did not have permission to be in the home, standing between their bed and dresser, threatening them with a gun. They then discovered that $300 was missing. Williams admitted in the police interview that he had gone to the Lawrences' home to recover money he had given Mr. Lawrence for a drug deal. There was, therefore, more than sufficient evidence presented to the circuit court to support the revocations of his SIS based on his commission of the new offense of residential burglary.

The majority holds that, in the revocation proceedings, the circuit court "made no findings" that Williams had committed the new offense of residential burglary. I disagree.

The State alleged, in its revocation petition, that Williams committed new offenses and presented evidence of such. The court then granted the revocation petitions. We have previously recognized that we may presume that the circuit court **761 acted properly and made findings necessary to support its judgment. *Tillery v. Evans*, 67 Ark. App. 43, 991 S.W.2d 644 (1999). I am unaware of any legal requirement that the circuit court make oral or written findings in *14 revocation cases beyond the filing of an order of revocation, and the majority cites no precedent for such an obligation. Williams's counsel did not seek clarification or ask for specific findings as to which underlying intent(s) the court was considering, and therefore failed to make a clear and informative record from which we could have potentially determined this issue. Without citing any authority, the majority uses the circuit court's lack of specific findings as a basis for reversal, when we have previously held that "it is the duty of the appellant to make his record, and we must resolve all doubts on behalf of the appellee on appeal." *Brown v. Arkoma Coal Corp.*, 276 Ark. 322, 326, 634 S.W.2d 390, 392 (1982). I therefore disagree that the court's lack of specific findings provides any basis for reversal, and I reject the contention that, by affirming the revocation orders, we would impermissibly engage in fact-finding as an appellate court. Our charge is to evaluate the sufficiency of the evidence supporting the court's revocation order, *Henderson v. State*, 2017 Ark. App. 486, at 2, and I see no reason to abstain from that review here.

The "pivotal point," according to the majority, is the assumption that the circuit court must have made the same legal error in the revocation proceedings as it made in the criminal trial (i.e., considering evidence of an underlying intent with which Williams was never charged). Without citation to any authority, the majority bases its reversal on the conclusion that "we have no reason to believe that the circuit court had corrected its earlier error and found that Williams had committed the crime charged." It is undisputed that the circuit court never said anything in the revocation proceedings indicating legal error. The majority is imputing the legal error made in Williams's criminal case, CR–15–3677, to the revocation proceedings in cases CR–10–3907 and CR–13–1218. The majority cites no precedent or legal authority allowing us *15 to reverse on this basis, and I am not aware of any. I believe it is legal error for an appellate court to reverse a circuit court's order that is supported by sufficient evidence and suffers from no verifiable legal flaw or error.

## All Citations

2018 Ark. App. 349, 553 S.W.3d 753

### Footnotes

1          The State also argues that Williams's argument is not preserved because he did not object when the circuit court pronounced guilt at the bench trial. Williams raised this argument after the court made its oral pronouncement but before any judgment was entered. Williams filed a written motion, the State responded to the merits of the motion, and the court held a hearing before denying the motion and later entering a written judgment. Williams preserved his point.

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

THOMSON REUTERS
Thomson Reuters is not providing legal advice

STATE OF ARKANSAS            )   Arkansas Supreme Court
                             ) §
COUNTY OF _Lincoln_          )

## AFFIDAVIT

I, _Willie Munn_, after first being duly sworn, do hereby swear, depose and state that: This Is A Petition To The Appellant Court for permission To Apply To Trial Court For Writ of Error Coram Nobis After Affirmance of Conviction; Willie Munn Vs state has had his Judgment of Conviction Affirmed by This Court. on Supreme Court Case No CR 23 563 Nov. 16 2023 Dec 6th 2023 Sep 20, 2023 from Hempstead County 29: CR-20-243. Denied Petitions For permission To Apply To the Circuit Court of Hempstead County 29-CR-20-243, Chap 110.7, 110.4

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

_12-11-23_                      _Willie munn_
DATE                            AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this _11_ day of _December_, 20_23_.

SHEMARIAH MCCLOUD
NOTARY PUBLIC - STATE OF ARKANSAS
LINCOLN COUNTY
COMM# 12719888 MY COMM EXP JUNE 2038

_Shemariah McCloud_
NOTARY PUBLIC

My Commission Expires: _June 13 2038_

Willie Munn A.D.C. 80042
P.O. Box 600, Varner unit
Grady Ark 71644,0600

ADC
VARNER
UNIT



quadient
FIRST-CLASS I
IMI
$003.79
01/24/2024 ZIP
043M31236723

Unit states Court of Appeal's
For The Eight Circuit
Thomas F. Fagleton u.s. Courthouse
111 South 10th Street Room 24,329
St Louis. Missouri 63102

## United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

February 22, 2024

Clerk, U.S. District Court, Eastern District of Arkansas
U.S. DISTRICT COURT
Eastern District of Arkansas
Room A149
600 W. Capitol Avenue
Little Rock, AR  72201-0000

RE:  23-3168  Willie Munn v. Dexter Payne, et al

Dear Clerk:

Pursuant to this court's order entered on February 22, 2024 in the above referenced case, please find enclosed what we have construed as a new petition for writ of habeas corpus in which we are forwarding to your court for filing in accordance with the Federal Rule of Appellate Procedure 22(a).

The original petition will be forwarded to your court via the U.S. Postal Service today.

If you have any questions, please do not hesitate to contact this court.

Michael E. Gans
Clerk of Court

CMH

Enclosure(s)

cc:    Willie Munn

District Court/Agency Case Number(s):  4:23-cv-00126-LPR