**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

WILLIE MUNN                              *
ADC #080042                              *
                                         *
            Plaintiff,                   *
v.                                       *          No. 4:24-cv-00174-JJV
                                         *
DEXTER PAYNE                             *
*Director, ADC*                          *
                                         *
            Defendant.                   *

**MEMORANDUM AND ORDER**

## I.  INTRODUCTION

Petitioner, Willie Munn, is an inmate at the Varner Unit of the Arkansas Division of Correction.  He believes he wrongly must now serve *all* ten years' imprisonment after he was revoked while serving a suspended sentence.  He must serve all ten years because under the laws of the State of Arkansas, parole is not an option for him given his charge and his lengthy criminal history including drug offenses, robbery, escape, burglary, theft of property and fleeing.[1]

The Petition must be denied.  As explained below, it is denied because Mr. Munn's challenge to his 2020 conviction is filed well beyond the limitations period, he has not first challenged the revocation of his suspended sentence in state court, and the remaining challenges he brings are not federal claims – so they must be brought to the state court.

## II.  CASE HISTORY

On November 19, 2020, Mr. Munn, with the assistance of counsel, entered a negotiated plea of nolo contendere to one count of residential burglary and one count of criminal mischief in

_____

[1] *See* ADC website, https://apps.ark.org/inmate_info/search.php.

the Hempstead County Circuit Court.  (Doc. No. 33-4.)  The Information stated that Mr. Munn, on September 28, 2020, "did unlawfully and feloniously enter or remain unlawfully in a residential occupiable structure of another, Latosha Featherston, with the purpose of committing therein an offense punishable by imprisonment in violation of A.C.A. § 5-39-201(a)" and  on September 28, 2020, "unlawfully, purposely, and without legal justification destroy or cause damage amounting to $1,000 or less to the property of another person, Latosha Featherston, in violation of A.C.A. § 5-38-203(a)(1) & (b)(1)" both offenses "against the peace and dignity of the State of Arkansas." (*Id.*)  The Court sentenced Mr. Munn to concurrent terms of suspended imposition of sentence of ten years for the burglary charge and twelve months for the charge of criminal mischief.  (Doc. No. 33-5.)

His one-year suspended sentence expired, but while serving his suspended residential burglary sentence, Mr. Munn failed to comply with the Hempstead County Circuit Court's conditions, and he was revoked.   In June 2022, the State initiated revocation proceedings mainly for his arrest for possession of cocaine.  He had also failed to pay his Court-ordered financial obligations. (Doc. No. 33-9.)    Mr. Munn came to the Circuit Court on October 27, 2022, represented by counsel, Mr. James Stayton, Esq., and was sentenced to serve ten years in the Arkansas Department of Corrections.  (Docs. No. 33-1, 33-12.)  Seeing that he was now going to be serving ten years' imprisonment, on January 9, 2023, the State nolle prossed the pending drug charges that led to the revocation.  (Doc. No. 33-13.)

Before and after the revocation proceedings, Mr. Munn filed a flurry of motions and a state habeas petition, but no appeal was ever lodged with any of the Arkansas appellate courts.  (Docs. No. 33 at 3, 4-5, No. 33-14 to 33-22.)  In other words, in Mr. Munn's eagerness to be released, he has not brought any proper challenges to the Arkansas courts.

Now, before this Court, is Mr. Munn's Amended Petition for Writ of Habeas Corpus. (Doc. No. 4.) Mr. Munn raises the following claims: 1) Mr. Munn was "threatened by both the prosecutor and defense counsel" forcing him to plead nolo contendere to the burglary and criminal mischief charges (*Id.* at 2); 2) his revocation was in violation of Arkansas law while he was receiving drug rehabilitation treatment (*Id.* at 3); 3) the suspended sentence was illegally revoked based on new, unadjudicated criminal conduct, in violation of his constitutional right to be heard on those new charges (*Id.* at 3-4); 4) he has been wrongly denied parole (*Id.* at 4); 5) he is innocent of the original burglary charge (*Id.* at 8-10); 6) His subsequent incarceration after a revocation hearing represents violation of his rights under the double jeopardy clause of the Fifth Amendment (*Id.* at 9-10); and 7) He has been adjudicated as a habitual offender without proper notice, without sufficient proof, and in violation of his right to a jury trial on the habitual-offender allegation (*Id.* at 10-14).

Respondent has filed a Response, (Doc. No. 33.) Respondent argues that Mr. Munn's claims are time barred, procedurally defaulted, and not cognizable in federal habeas proceedings.

The matter is ripe and ready for a decision. For the following reasons, the Petition is dismissed, and all pending motions are rendered moot.

## III.   ANALYSIS

### A.   Time Bar

Mr. Munn's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) impose a one-year period of limitation on habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

I agree with Respondent that, giving Mr. Munn all benefit of doubt, the one-year limitation period began to run on March 8, 2021 – the deadline for him to file the record with the appellate courts. So, absent a showing that Mr. Munn is entitled to equitable tolling of the statute of limitation or that he has pled a tenable gateway claim of actual innocence, his Petition is time-barred as March 2022.

### 1. Equitable Tolling

Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling offers an "exceedingly narrow window of relief" and is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Mr. Munn has provided nothing to show he should receive tolling during the two years he waited to file the instant Petition.

## 2. Actual Innocence[2]

Actual innocence, if proved, can serve as a gateway through which a petitioner may pass when the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the United States Supreme Court has made clear that tenable actual-innocence gateway pleas are rare: in addition to coming forward with new, reliable evidence that was not presented at trial, a petitioner must also "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This standard is "demanding" and seldom met. *Id*. (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).

Mr. Munn says he was "dating a woman named Lisa Hawkins. . . had taken a male enhancement medication in an attempt to assist us and the medication began to cause a reaction foreign to [him]." (Doc. No. 4 at 8.) Fearing he had overdosed, Mr. Munn and Ms. Hawkins "ran out of the bedroom, totally unclothed, while [he] physically assaulted [himself]. *See Affidavit of Facts Constituting Reasonable Cause*." (*Id.*)

On their face, Mr. Munn's allegations are hard to believe. But this is especially true given the actual "Facts Constituting Reasonable Cause." (*Id.* at 17-18.) Those facts state that Mr. Munn "approached the residence…completely nude and was hitting himself in the head. Featherston advised Munn to leave and put some clothes on. . . . Munn forced himself past Featherston into the

---

[2] Respondent says this claim has been waived by his plea of nolo contendere. However, as Respondent acknowledges in his brief, Mr. Munn may in fact challenge the voluntariness of his plea. (Doc. No. 33 at 12.) But he has yet to raise this issue to the Arkansas courts, so it is time barred and would be procedurally defaulted.

residence" where Munn broke her television, glass coffee table, flipped a "child's bouncer chair" with a six-month-old child sitting in it."  (*Id.* at 17-18.)

Accordingly, Mr. Munn has failed to meet the demanding standard of an actual-innocence gateway claim.  Claims 1, 5 and 7 are inexcusably time-barred and are dismissed with prejudice for this reason.

### B.  Procedural Default

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his federal habeas claims to the appropriate state courts and exhaust all available state remedies.  *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")).  The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).  To fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849.  To exhaust, "state prisoners must give the state courts

one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Finally, the *Martinez* exception for substantial claims of ineffective assistance of trial counsel, which allows federal habeas review where there was no counsel or ineffective counsel in the initial-review collateral proceeding, is also unavailable. *Martinez v. Ryan*, 566 U.S. 1 (2012); *Sasser v. Hobbs*, 735 F.3d 833, 852-53 (8th Cir. 2013) (*Martinez* applicable in Arkansas cases because Arkansas does not generally afford defendants meaningful review of ineffective-assistance-of-trial-counsel claims on direct appeal). To show a "substantial" claim the prisoner must demonstrate that the claim was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 687 (1984),[3] and that the claim has some merit. *Martinez*, 566 U.S. at 14. Mr. Munn's claims do not show a "substantial" claim, so *Martinez* does not apply.

Mr. Munn has failed to first bring Claims 3 and 6 to the Arkansas courts before filing the instant petition. As previously noted, he has never lodged an appeal on any of these claims to the Arkansas appellate courts. Therefore, they are procedurally defaulted and must be dismissed without prejudice.

---

[3] Under *Strickland*, the petitioner must demonstrate counsel's performance was deficient, resulting in errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and the deficient performance prejudiced the defense, depriving the defendant of a fair trial. 466 U.S. at 687. The deficient-performance component requires that a defendant show counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. In conducting this review, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Under the performance prong, the petitioner must be able to prove that his lawyer's performance was unreasonable and not valid trial strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Thai v. Mapes*, 412 F.3d 970, 978-79 (8th Cir. 2005). To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Armstrong v. Kemna*, 590 F.3d 582, (8th Cir. 2010) (citations omitted). A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*.

### C.   CLAIMS NOT COGNIZABLE

Respondent asserts that Claims 2 and 4 are not cognizable in habeas proceedings because they fail to allege any violation of the Constitution or other federal law.  (Doc. No. 33 at 12-13.)  Respondent is correct.  These claims involve the application of state law and do not implicate Constitutional principles or other federal laws.

Mr. Munn's parole claim is not cognizable in a petition for writ of habeas corpus because there is no constitutional right to parole.  *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."; *see also Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984) ("[T]he Arkansas parole statutes do not create a liberty interest because they provide that the parole board 'may' instead of 'shall' grant parole and because the substantive limitations on the Board's discretion are minimal.").  Further, the Arkansas Supreme Court has emphasized it is the Parole Board who "retains the power over who shall be placed on parole, and the time and *conditions of parole*."  *Hodges v. Norris*, No. 02-786, 2004 WL 439982, *2 (Ark. Mar. 11, 2004) (unpub.) (emphasis added); *see Henderson v. Campbell*, 975 F.2d 866 (8th Cir. 1992) (unpub. table op.) (emphasizing that "parole officers possess wide discretion in imposing conditions of parole" when dismissing § 1983 action seeking defendant's grant of preferred parole-release plan or explanation of why plan was unsuitable).  "When a prisoner is committed to the custody of a state penal authority (*e.g.,* the ADC), he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified by the sentencing court."  *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995).  Because neither the Constitution of the United States nor Arkansas law creates a liberty interest in parole there is no federal right implicated.

This is also the case with Mr. Munn's claim about being revoked while he was receiving drug rehabilitation treatment. This claim involves the application of a state law and has no federal nexus. Accordingly, Mr. Munn must bring these claims to the Arkansas courts for adjudication.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability shall issue.

## V.      CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Munn's Amended Petition for Writ of Habeas Corpus (Doc. No. 4) is DISMISSED and the requested relief IS DENIED. A Certificate of Appealability will not issue.

DATED this 28th day of June 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE